## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.

BEIJING iQIYI SCIENCE & TECHNOLOGY
CO., LTD., a Chinese corporation, BEIJING
QIYI CENTURY SCIENCE & TECHNOLOGY
CO., LTD., a Chinese corporation, DONGYANG
iQIYI FILM AND TELEVISION CULTURE
CO., LTD., a Chinese corporation, and
NANJING iQIYI FILM AND TELEVISION
CULTURE CO., LTD., a Chinese corporation,

        Plaintiffs,

  v.

Aiyifan TV (d/b/a M.YFSP.TV, YFSP.TV,
YFSP.LV, IYF.TV, IYF.LV, AIYIFAN.TV,
AYYSP.COM), an Individual, Partnership, or
Unincorporated Association,

        Defendant.

_____

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs Beijing iQIYI Science & Technology Co., Ltd. ("Beijing iQIYI"), Beijing Qiyi Century Science & Technology Co., Ltd. ("Beijing Qiyi Century"), Dongyang iQIYI Film and Television Culture Co., Ltd. ("Dongyang iQIYI"), and Nanjing iQIYI Film and Television Culture Co., Ltd. ("Nanjing iQIYI" and, collectively, "Plaintiffs"), by and through their undersigned counsel, hereby bring this action against Defendant Aiyifan TV ("Defendant" or "Aiyifan"), a notorious piracy enterprise that operates multiple mirror sites listed in Schedule A, including (1) M.YFSP.TV, (2) YFSP.TV, (3) YFSP.LV, (4) IYF.TV, (5) IYF.LV, (6) AIYIFAN.TV, and (7) AYYSP.COM.

1

## INTRODUCTION

1.      This is an action seeking monetary and injunctive relief from the Defendant's brazen, willful trademark and copyright infringement using iQIYI's copyrighted works and trademarks in its unauthorized United States-targeted streaming platform.

2.      Plaintiffs are affiliated entities of iQIYI, Inc. ("iQIYI"), a leading provider of online entertainment video services in China. Since its initial launch, iQIYI has prioritized its offerings and users, endeavoring to deliver superior content and services.  The iQIYI platform features a variety of premium video content, and in particular iQIYI original dramas and shows.  The iQIYI original titles have been among the most successful productions in the history of Chinese popular entertainment.

3.      iQIYI's original content also includes content produced in collaboration with third-party partners.  With valuable experience gained over the past years, iQIYI has produced high-quality content that has been well received by the market.  iQIYI has capitalized on its premium content offerings through licenses, revenue-sharing, and barter transactions.  As of December 31, 2023, iQIYI had over 40,000 professionally produced content titles in its comprehensive and diversified video content library, comprised of drama series, variety shows, films and other content.

4.      Beijing iQIYI operates iQIYI's internet video streaming services and is in the business of, among other things, distributing and streaming audio-visual programming over the Internet to viewers around the world.  Beijing iQIYI and Beijing Qiyi Century own certain copyrights of iQIYI.  Dongyang iQIYI and Nanjing iQIYI are currently seeking registration of certain copyrights of iQIYI.  Beijing Qiyi Century owns certain trademarks of iQIYI.

5.      Like many streaming services, iQIYI is confronted with online infringement of the intellectual property in its programs and brands by pirate websites operating under a variety of domain names, including through the Internet websites operating under Defendant's individual, partnership, and/or business association names listed in Schedule A (the "Subject Domain Names").

6.      Defendant is a notorious copyright infringer. Through its Subject Domain Names, Defendant has been advertising and holding out to the public that it has iQIYI's copyrighted content and is authorized to stream iQIYI's copyrighted content over the Internet and to illegally profit from iQIYI's intellectual property without iQIYI's consent.

7.      On information and belief, Defendant, including specifically through the websites operating under the Subject Domain Names, provides on-demand streaming performances of full-length versions of iQIYI's movies and television shows, facilitates access to infringing content, and offers users, subscribers, members, and/or their agents the option of uploading infringing content to the Subject Domain Names.

8.      On information and belief, Defendant also provides certain services and features to users, subscribers, members, and/or their agents who pay a subscription fee to Defendant, including the features of avoiding advertisements and viewing content offline, and uses iQIYI intellectual property to encourage the purchase of such services and features.

9.      On information and belief, Defendant offers advertisement placements though its Subject Domain Names that are on or adjacent to iQIYI's movies, television shows, and trademarks, and certain advertisements on Defendant's Subject Domain Names are for services and/or products that are either illegal or do not align with iQIYI's mission and values.

10.     On information and belief, Defendant profits from its infringement at an enormous cost to iQIYI.  Defendant is responsible for high-volume infringement of iQIYI's copyrighted movies, copyrighted television shows, and trademarks, causing substantial, irreparable harm to iQIYI, which has made significant investments of time, money, and creativity to produce the content and to develop their intellectual property, technical platform, branding, promotions, sales, and goodwill around their content and distribution services.

11.     Because iQIYI operates worldwide, including through partnership agreements with premium cable channels and its own Internet pay subscription service, Defendant's free and subscription streaming of iQIYI's content is harmful to iQIYI because it (1) deprives iQIYI of substantial revenue that would otherwise be derived from consumers, (2) deprives iQIYI's legitimate digital and broadcast advertisers and sponsors from having their advertisements and commercials viewed by these consumers, (3) diverts customers worldwide from iQIYI's subscription services and confuses consumers as to the source and legitimacy of its content and distribution channels, (4) harms iQIYI's ability to continue to build out its paying customer base, particularly in international markets and the United States, and (5) interferes with and harms iQIYI's distribution and sponsorship agreements, hurting its and its partners' profits and reputations.

12.     Defendant's infringement irreparably harms iQIYI.  Defendant's advertisement placements on or adjacent to iQIYI's copyrighted movies, copyrighted television shows, and trademarks causes substantial and continuous harm to iQIYI by suggesting to consumers a correlation between iQIYI and Defendant's piracy enterprise, and depriving iQIYI of the ability to control the use of its brand.

13.     On information and belief, Defendant unlawfully uses iQIYI's reputable brand in connection with content that is contrary to iQIYI's company mission and values, and may be illegal, including promotion of counterfeit diplomas and counterfeit consumer products. Defendant's operation of the Subject Domain Names under and in connection with iQIYI's brand risks irreparable harm to iQIYI's hard-earned goodwill and reputation.

14.     Defendant's conduct is a classic example of piracy operations employing a willful disregard of iQIYI's intellectual property rights. Defendant's profiteering from its subscription and advertisement revenue through the Subject Domain Names infringes iQIYI's copyrights and continuously corrodes the goodwill of iQIYI's trademarks and constitutes unfair competition. iQIYI respectfully requests this Court's intervention to enjoin Defendant's ongoing harm to iQIYI.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over the subject matter of this dispute.  The first, second, and third claims for relief arise under the Copyright Act, 17 U.S.C. §§ 101, et seq.  This Court has subject matter jurisdiction over these claims under 17 U.S.C. §§ 501, et seq. and 28 U.S.C. §§ 1331 and 1338(a).

16.     The fourth, fifth, and sixth claims for relief arise under the Lanham Act, 15 U.S.C. §§ 1051, et seq., and common law trademark infringement.  This Court has subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1125(a), 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b).

17.     This Court has supplemental jurisdiction over the remaining seventh claim for relief under 28 U.S.C. § 1367(a).  The remaining claim for relief under common law unfair competition is so related to the other claims over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

18.     Defendant is subject to personal jurisdiction in this District because it targets business activities towards consumers in the State of Florida through its advertisement, promotion, distribution, and performance of pirated iQIYI copyrighted content via its unauthorized Internet-based content distribution services, including through the use of iQIYI's trademarks.  Defendant's websites operating under the Subject Domain Names are fully accessible in this District.

19.     On information and belief, Defendant infringes iQIYI's intellectual property rights in this District and State.

20.     This Court has personal jurisdiction over Defendant because Plaintiffs' claims arise out of Defendant's activity and unlawful conduct in Florida and in this District, including the conduct by which Plaintiff was damaged, as set forth herein.  Accordingly, the Defendant is subject to Florida's long arm jurisdiction under Fla. Stat. § 48.193.

21.     Alternatively, Defendant is also subject to personal jurisdiction in this District pursuant to Federal Rules of Civil Procedure 4(k)(2) because (1) Defendant is not subject to jurisdiction in any state's court of general jurisdiction; and (2) exercising jurisdiction is consistent with the United States Constitution and laws.

22.     On information and belief, Defendant causes harm to iQIYI's business within this District by diverting customers in this District and within the State of Florida to their unauthorized Internet-based content distribution service through, at least, the websites operating under the Subject Domain Names.  Defendant, through its illegal distribution service, is directly and unfairly competing with iQIYI's economic interests in the State of Florida and causing iQIYI harm within this jurisdiction.  iQIYI regularly enforces its intellectual property rights and authorized this action to be brought in its name.

23.     On information and belief, Defendant is a foreign corporation with its principal place of business in Lisbon, Portugal.  Defendant's address is as 1600-093 Bairro do Rego, Lisbon, Portugal, which is listed on its websites accessible to United States consumers, including in Florida, operating under the Subject Domain Names.

24.     Plaintiffs are foreign corporations.  Plaintiffs Beijing iQIYI, Beijing Qiyi Century, Dongyang iQIYI, and Nanjing iQIYI are Chinese corporations with their principal place of business at 11/F, iQIYI Innovation Building, No. 2 Haidian North 1st Street, Beijing, 100080, China.

25.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant is, on information and belief, a foreign corporation, and thus may be sued in "any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to such an action," as set forth above.  Venue is also proper in this District pursuant to 28 U.S.C. § 1391(c) because a "defendant not resident in the United States may be sued in any judicial district." Furthermore, venue is proper in this Court pursuant to 28 U.S.C. § 1400(a) because "civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agents resides or may be found."  Defendant's websites are accessible, operating, and targeting this District and therefore is subject to this Court's personal jurisdiction.

**iQIYI'S BUSINESS AND SERVICES**

26.     iQIYI is one of the largest internet companies in terms of userbase and is an innovative, market-leading online entertainment service in China.  iQIYI provides popular original content, as well as a comprehensive library of other professionally produced content, professional user generated content, and user-generated content.  The iQIYI platform offers a variety of services

7

encompassing internet video, live broadcasting, online games, online literature, animations, e-commerce, and social media.

27.    Beijing iQIYI was established over a decade ago and operates iQIYI's internet video streaming services, one of the largest online video sites in the world, with nearly six billion hours spent on its service each month.  For the year 2023, iQIYI's daily average total subscribing members were 111.9 million, compared to the 103.1 million in 2022.  On average, iQIYI's users spent 9.6 billion hours per month watching video content on its platform through all devices and spent 1.6 hours per day per user watching video content on its mobile apps during the year.  iQIYI has consistently ranked No. 1 since July 2015 in terms of total time spent and market share of combined PC and mobile video streaming.  Through its licensed partner, Beijing iQIYI also operates the largest smart TV video streaming service in China as measured by monthly active devices.  In 2024, iQIYI was the second most downloaded entertainment application and second largest streaming platform in China.  In March 2024, iQIYI was ranked 18 based on the number of users it had in China.  And for the year of 2023, iQIYI was the sixth highest application by number of users.

28.    Over the years, iQIYI has developed industry-leading content origination and self-production capability.  iQIYI produces highly popular, trend-setting original content, which attracts a massive user base and differentiates iQIYI from its competitors.

29.    Equipped with powerful content distribution capability, iQIYI is the go-to internet video streaming platform in China for premium content providers.  iQIYI's strong partnership with premium content providers enables it to continually curate a comprehensive repertoire of high-quality blockbuster content.  In addition to top Chinese content providers, iQIYI collaborates with leading global premium content providers, including the "Big Six" Hollywood production studios,

top TV networks in the United States, and Netflix, further enriching iQIYI's premium content offerings.

30.     iQIYI broadcasts its programs to viewers worldwide, including to viewers in the United States, over the internet, tablet applications, and mobile applications.  iQIYI's mobile application is multilingual, supporting at least six languages in 2020 (including English) and downloadable globally from major iOS and Android app stores.  iQIYI's mobile application offers a curated selection of popular imported and local video content titles, with iQIYI seeking collaboration with local partners to leverage their strong marketing capabilities and know-how in high quality local content.

31.     At all times material hereto, Plaintiffs Beijing iQIYI and Beijing Qiyi Century have the sole and exclusive right in the United States to import, reproduce, distribute, publicly perform, broadcast, and enforce rights of certain Chinese language audio-visual episodic programs (collectively, the "iQIYI Exclusive Shows") over the Internet.  Beijing Qiyi Century is a subsidiary of iQIYI and owns certain trademark rights of iQIYI.

32.     The iQIYI Exclusive Shows contain copyrightable subject matter under the laws of the United States.  The copyrighted iQIYI Exclusive Shows are listed on "Schedule B," attached hereto.  True and correct copies of the Certificates of Registration for the registered iQIYI Exclusive Shows are identified in Schedule B and attached hereto as Exhibits 1-29.  The iQIYI Exclusive Shows that have pending applications of copyright registrations are identified in "Schedule C," attached hereto.

33.     Additionally, the iQIYI Exclusive Shows contain many unregistered copyrighted works, originally produced in China and entitled to protection under the Copyright Act through the Berne Convention, the Universal Copyright Convention, and other applicable laws and treaties.

Examples of these works are identified in "Schedule D," attached hereto, and included in Exhibits 30-237.

34.     iQIYI also owns valid and subsisting trademark rights in the mark iQIYI and variants thereof, which have been in widespread use throughout the United States and around the world in connection with iQIYI Exclusive Shows and other products and services iQIYI offers since as early as 2011.

35.     In addition to its use of the literal term iQIYI, iQIYI often uses the iQIYI Marks in connection with a distinctive green color, and in some circumstances includes the mark enclosed in a distinctive curved square.  The iQIYI Marks appear on or in close connection with all iQIYI shows, including on the iQIYI Exclusive Shows.  While the iQIYI Exclusive Shows are played on iQIYI's platform, the iQIYI Marks appear in the beginning of the show to broadcast the ownership of these copyrighted materials. At the end of the iQIYI Exclusive Shows, the iQIYI Marks also appear in the end credits to show the ownership of these copyrighted materials.   Representative examples of iQIYI's use of its marks are included below:

  







36.    For over two decades, and long before Defendant's infringing use, the iQIYI Marks have been identified with iQIYI and Plaintiffs and have appeared on a tremendous amount of online marketing, advertising, promotion, signage, application logos, and as part of sponsorships and endorsements by and for highly publicized and/or renown events and individuals.

37.    By virtue of its longstanding, exclusive use, including in the United States, Plaintiff Beijing Qiyi Century owns common law trademark rights to "iQIYI" and also owns numerous live United States trademark registrations and applications, each of which incorporate the iQIYI Marks or variants thereof, including but not limited to the following:

| Mark | Reg. No. | Reg. Date | First Use in Commerce | ID of Goods |
|---|---|---|---|---|
| iQIYI | 7683270 | 2/11/2025 | n/a | Software, advertising, television broadcasting, educational services, and |

| | | | | |
|---|---|---|---|---|
| | | | | research and development |
| iQIYI | 6164574 | 9/28/2020 | 11/26/2011 | Advertising, video on demand, website, cloud computing |
| iQIYI | 6034136 | 4/14/2020 | 11/26/2011 | Downloadable mobile phone application software |
| iQIYI 爱奇艺 | 6043236 | 4/28/2020 | 11/26/2011 | Downloadable mobile phone application software |

38.    True and correct copies of the United States Patent and Trademark Office's ("USPTO") Trademark Status and Document Retrieval Status Pages and certificates of registration for these registrations are attached hereto as Exhibits 240-243 and incorporated herein by reference.

39.    iQIYI's above registrations are valid, subsisting, in full force and effect, uncancelled and unrevoked, and serve as evidence of iQIYI's exclusive right to use such marks in commerce on or in connection with the goods and services identified in the registrations, as provided by Section 33(a) of the Lanham Act, 15 U.S.C. § 1115(a).

40.    The extensive commercial acceptance and success of iQIYI Exclusive Shows bearing the iQIYI Marks is due, in large measure, to Plaintiffs' substantial advertising and marketing efforts.  Such efforts have resulted in iQIYI's recognition in the United States.

13

Specifically, nine of iQIYI's shows and animations won 10 honors at the 20th Chinese American Film Festival and the Chinese American Television Festival ("CAFF/CATF"), held in Los Angeles, CA in November 2024.[1]   iQIYI's series "The Wind Chaser," "City in the City," "South to North," and "Three Teams" won CAFF/CATF's Golden Angel Award for TV series of the year. iQIYI's "My Altay," "Tang Dynasty Tricks: Westward Journey," "Dislocation," and "Yan Xinji" won CAFF/CATF's best online drama of the year.   And iQIYI's "The Year of the Great Domination" won CAFF/CATF's best online animation of the year.

41.     Plaintiffs, by virtue of such extensive usage, advertising, and promotion, has built up a very high level of consumer and trade recognition symbolized by the iQIYI Marks.   For the fiscal year of 2024, worldwide membership services revenue exceeded $560 million, online advertising services revenue exceeded $190 million, and content distribution revenue was $50 million.

42.     As a result of decades of use, iQIYI Marks is consistently ranked as one of the world's most successful entertainment services companies.[2]   Plaintiffs continue to invest heavily and spending hundreds of millions annually on marketing its brand.   And due to Plaintiffs' extensive and continuous advertising, promotion, use, and sale of its entertainment services for decades, the iQIYI Marks have acquired substantial public and consumer recognition and vast commercial strength across the world so as to become a household brand for Chinese entertainment content, and have enjoyed valuable goodwill, solely signifying iQIYI as the source of high-quality products and services offered in connection with the iQIYI Marks.

---

[1] *See* https://pages.iqiyi.com/p/zbs/news2024111301.html.
[2] For example, iQIYI has been ranked fifth among global streaming platforms.  *See* Silva Wong, Unpacking the recent turnaround success of Chinese streamer iQiyi, Screen Daily (Mar. 14, 2023), https://www.screendaily.com/features/unpacking-the-recent-turnaround-success-of-chinese-streamer-iqiyi/5180170.article.

## DEFENDANT'S PIRACY ENTERPRISE

43.     On information and belief, Defendant, by itself and/or through its agents, provides mobile and streaming services to the overseas Chinese community, including in this Judicial District.

44.     On information and belief, Defendant operates through the Subject Domain Names and is comprised of individuals, partnerships and/or business entities of unknown makeup, which reside and/or operate in foreign jurisdictions.  Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

45.     On information and belief, Defendant's websites operating under the Subject Domain Names are fully accessible in this District and throughout the United States of America.

46.     On information and belief, Defendant uses aliases in conjunction with the operation of its business.

47.     On information and belief, Defendant is directly and personally contributing to, inducing, and engaging in trademark and copyright infringement, as alleged herein.

48.     On information and belief, Defendant directly engages in unfair competition with Plaintiffs by (1) copying, advertising, offering for distribution, distributing, promoting, and performing the iQIYI Exclusive Shows without authorization, (2) infringing the iQIYI Marks to consumers within the United States and within this District through the fully accessible websites operating under the Subject Domain Names, as well as additional domain names not yet known to Plaintiffs; (3) creating and maintaining an illegal marketplace enterprise for the purpose of diverting business from legitimate distribution services of the iQIYI Exclusive Shows offered by Plaintiffs and their partners; and (4) creating and maintaining a false association between

Defendant's other businesses and Plaintiffs in order to capitalize on Plaintiffs' goodwill and reputation to promote Defendant's other businesses.

49.     Defendant publicly touts that it is intentionally targeting consumers in the United States.  On its website, Defendant lists the largest user base by country as the United States, with a self-estimated 31.81% of users:[3]



---

[3] https://www.yfsp.tv/ad-center/data.

50.     Defendant has purposefully directed its illegal activities towards consumers in the State of Florida through the advertisement, offer to perform, and performance of the iQIYI Exclusive Shows in the State of Florida.  Defendant's websites operating under the Subject Domain Names are accessible in, and Defendant's unauthorized use of iQIYI intellectual property occurs, in the Southern District of Florida.  *See* Declaration of David M. Buckner at ¶ 2.

51.     Defendant expressly touts its worldwide reach, characterizing its platform as follows:[4]

> This platform is a video platform **founded by overseas Chinese and serving overseas Chinese**, which can now support PC (Windows, macOS), TV, mobile (IOS, Android) three major terminals, and has a variety of content forms.
>
> As a leader in the **overseas video industry**, this platform provides comprehensive network services for more than 60 million Chinese users **around the world**, and is committed to **building an overseas Chinese video sharing platform** covering a variety of video types. Here you can see all kinds of film and television information, news hotspots, etc. produced and shared by Chinese people from all over the world. At the same time**, as a leader in the overseas video industry, this website has a large number of paying users**, and insists on providing exclusive high-quality content, the ultimate audio-visual experience and unique VIP privileges for the majority of VIP members.

52.     On the very same "About Us" page, Defendant's stated corporate philosophy is to become "the media era leader in the overseas Chinese video industry[,]"[5] emphasizing that its target audience is not China, but the "overseas" population.

53.     Indeed, Defendant implements geo-blocking of IP addresses in China such that Chinese copyright owners such as iQIYI cannot access a majority of the Subject Domain Names.

---

[4] *E.g.*, https://www.yfsp.tv/help/about-us (emphasis added).
[5] *E.g.*, https://www.yfsp.tv/help/about-us.

Declaration of Chai Da at ¶¶ 2-5.  This willful obstruction of Chinese copyright owners' investigation is further evidence of Defendant's willful, egregious, and wanton piracy.

54.     Defendant's entire Internet-based business operating under the Subject Domain Names is for the primary purpose of infringing and facilitating infringement of the intellectual property rights of Plaintiffs and others.

55.     Defendant's business name and the Subject Domain Names are essential components of Defendant's infringing activities.  The Subject Domain Names are a significant part of Defendant's scheme and its attendant harm to Plaintiffs.

56.     On information and belief, Defendant has registered, established, or purchased and maintained the Subject Domain Names and any websites operating thereunder, although such registration is concealed by a privacy shield.

57.     On information and belief, Defendant has anonymously registered and maintained the Subject Domain Names to conceal its illegal activities.

58.     On information and belief, Defendant will continue to register, transfer, and/or acquire new domain names for the purpose of infringing Plaintiffs' intellectual property unless preliminarily and permanently enjoined.

59.     On information and belief, Defendant will continue to maintain and grow its illegal distribution service network at Plaintiffs' expense unless preliminarily and permanently enjoined.

## FACTUAL ALLEGATIONS

### I.     Defendant's Direct Infringement

60.     On information and belief, and at all times relevant hereto, Defendant in this action has full knowledge of iQIYI's ownership of the iQIYI Exclusive Shows and iQIYI Marks,

including iQIYI's exclusive rights to use, perform, distribute, and license such intellectual property, and the goodwill associated therewith.

61.     On information and belief, the operators of Defendant's websites operating under the Subject Domain Names insert the links provided on the websites through which Defendant's website users, subscribers, members, and/or their agents view iQIYI's video content in a player window on the respective website itself.  When a user clicks on the link to one of iQIYI's video content, Defendant's websites stream the full-length version of the video.  This includes, but is not limited to, registered and unregistered iQIYI Exclusive Shows.

62.     Defendant's websites, including the Subject Domain Names, include full length copies of newly released movies, archived movies, and television show episodes—all available at the click of a button and often made available immediately after the original premiere. The availability of such content is a "selling point" of Defendant's unlawful enterprise.

63.     Defendant advertises iQIYI Exclusive Shows to the public and uses the iQIYI Marks to distribute and perform such content.  Attached as Exhibits 30-237 are examples of Defendant's infringements of iQIYI Exclusive Shows, and Exhibits 31, 32, 52, 53, 59, 60, 62, 64, 77, 80, 82, 83, 84, 86, 87, 90, 96, 98, 106, 110, 112, 113, 114, 115, 116, 117, 129, 132, 136, 137, 140, 141, 151, 158, 159, 162, 164, 167, 174, 178, 179, 180, 183, 184, 185, 198, 202, 203, 204, 205, 206, 207, 208, 209, 213, 214, 217, 220, 223, 224, 226, 227, 231, 233, 234, 236, and 237 specifically demonstrate Defendant's unauthorized use of the iQIYI Marks.

64.     On information and belief, Defendant uses the iQIYI Exclusive Shows without authorization to attract consumer traffic to its websites operating under the Subject Domain Names and profits from both (1) paid subscriptions by the users, subscribers, and/or members of the

Subject Domain Names and (2) paid advertisements placed on or adjacent to the iQIYI Exclusive Shows.

65.      In addition to the iQIYI Exclusive Shows, Defendant displays the iQIYI Marks, without authorization, on its websites operating under the Subject Domain Names.[6]

66.      Defendant's unauthorized display of the iQIYI Marks not only free-rides off the goodwill associated with the brand, but falsely suggests, *inter alia*, that its streaming of iQIYI content is an authorized, genuine distribution service approved, endorsed, and sponsored by iQIYI.

67.      On information and belief, certain of Defendant's websites operating under the Subject Domain Names enable their users, subscribers, members, and/or their agents to upload content and facilitate further infringement.  Below is a screenshot of the various uploading options offered to Subject Domain Name No. 2's users, subscribers, members, and/or their agents, including clickable icons for uploading short videos, uploading movies, uploading television shows, uploading variety shows, publishing updates, and managing photo albums:[7]

---

[6] *See* Exhibits 31, 32, 52, 53, 59, 60, 62, 64, 77, 80, 82, 83, 84, 86, 87, 90, 96, 98, 106, 110, 112, 113, 114, 115, 116, 117, 129, 132, 136, 137, 140, 141, 151, 158, 159, 162, 164, 167, 174, 178, 179, 180, 183, 184, 185, 198, 202, 203, 204, 205, 206, 207, 208, 209, 213, 214, 217, 220, 223, 224, 226, 227, 231, 233, 234, 236, and 237 (examples of Defendant's unauthorized use of the iQIYI Marks on its websites operating under the Subject Domain Name).
[7] https://www.yfsp.tv/user/my-upload.



68.     Defendant's streaming of video content also enables paying users, subscribers, members, and/or their agents to download iQIYI Exclusive Shows.  For example, on Subject Domain Name No. 2, Defendant advertises that one of the features of a paid subscription to Defendant's websites is the ability to play content offline, as depicted by the screenshot below.[8]



69.     As a paying user, subscriber, and/or member of Subject Domain Name No. 2, a user, subscriber, member, and/or their agent can also submit requests for films and television

_____

[8] https://www.yfsp.tv/vip-center/index?r=3.

shows, as depicted in the screenshot below.[9]  Defendant will presumably search for and upload requested pirated contents onto its Subject Domain Names.



## II.    Defendant Profits from Its Infringement

70.    Defendant profits from its infringement of iQIYI Exclusive Shows and the iQIYI Marks in multiple ways.

a.    Defendant's Infringement Brings in Revenue from VIP Membership

71.    Defendant earns ill-gotten gains through the sale of tiers of paid subscriptions, called "VIP Membership," offered to users, subscribers, and members.

72.    VIP Memberships allow users to access the site's (infringing) content more quickly and comprehensively with the payment of an additional fee. Defendant pays no royalties to Plaintiffs, and thus, payment for VIP Membership goes directly to Defendant's profits.

---

[9] https://www.yfsp.tv/vip-center/index?r=3.

73.    On Subject Domain Name No. 2, Defendant offers the following tiers of VIP Memberships along with the respective price:[10]



74.    VIP Membership benefits include, among other things, offline viewing, content requests, filtering advertisements and higher quality streaming:[11]

---

[10] https://www.yfsp.tv/vip-center/index.
Plaintiffs note that, while the VIP Membership prices are listed in a foreign currency, users in the United States can still purchase VIP Membership.
[11] https://www.yfsp.tv/vip-center/index.



b.    <u>Defendant's Infringement Brings in Revenue from Advertisements</u>

75.    Defendant profits from its infringement of iQIYI Exclusive Shows and iQIYI Marks by offering advertisement placements on or adjacent to the infringing content.

76.    Such advertisements are not only placed adjacent to iQIYI content but in some cases are even overlaid on top of such content.  The following figure is an example of an advertisement placed directly adjacent to an infringing video of iQIYI's Exclusive Shows on the Subject Domain Name No. 6, both highlighted in red boxes:[12]

---

[12] Exhibit 41. Almost all of the Exhibits attached hereto include advertisement placement directly adjacent to, or on top of, an iQIYI Exclusive Show, except for Exhibits 62, 82, 126, 141, and 153.



c. <u>Defendant's Infringement Generates Revenue for Related Companies</u>

77.    On information and belief, Defendant profits handsomely from advertising that is directly targeted to U.S. consumers.  For example, on Subject Domain Name No. 2, Defendant offers 11 different advertisement placements, including a placement that appears specifically viewing the Subject Domain Name No. 2 on a mobile device, with prices for U.S. advertising ranging from 2,500 Euros for one month to over 38,000 Euros for a half-year placement.  The below screenshot depicts the prices listed for an advertisement located on the right side of the filter box:[13]

---

[13] https://www.yfsp.tv/ad-center/intro.



78.     On information and belief, in addition to direct revenue Defendant has a financial interest in or ownership of advertisers placing advertisements on the Subject Domain Names and receives revenue from certain advertised products and/or services.

79.     On information and belief, Defendant offers advertisements related to, among other subject matters, gambling and fraudulent businesses that Defendant owns ("Defendant's Other Businesses").

80.     The below screenshot of an advertisement placed on top of an infringing iQIYI Exclusive Show on Subject Domain Name No. 3:[14]

---

[14] Exhibit 106. *See also* Exhibit 153.



*(The advertisement overlaid onto the video states the following:*
*"This film is by 43964.com Sponsored Post.  Main business: chess and card sports, live*
*entertainment, electronic fishing.")*

If the Subject Domain Name No. 3's user, subscriber, member, and/or their agent continues to the displayed URL site, the user, subscriber, member, and/or their agent is redirected to an advertisement promoting a gambling website and its respective mobile app:[15]

---

[15] *See* Exhibit 106; 43964.com.  *See also* Exhibit 153, 80534.com.

27



81.     On information and belief, as part of their overall scheme, Defendant is concurrently coordinating advertisement placement of Defendant's Other Businesses to draw in consumers based, in large measure, upon the infringing inclusion of the iQIYI Exclusive Shows and iQIYI Marks.

82.     On information and belief, Defendant is using iQIYI's famous name, marks, and/or the titles of the iQIYI Exclusive Shows to legitimize the products and services advertised on or adjacent to the illegal use of the iQIYI Exclusive Shows and iQIYI Marks.  Through its actions, Defendant is illegally benefitting from iQIYI's legitimate marketplace goodwill and reputation.

## III.     iQIYI's Irreparable Harm Without Court Intervention

83.     Defendant's conduct has caused, and continues to cause, irreparable harm to iQIYI and the consuming public.

28

84.     It is well understood that a television show is at its peak commercial value when it is first released.  This would be the time that motivates new users to sign up, pay subscription fees, and watch that show.  This is true for iQIYI as well.

85.     iQIYI has invested billions of dollars into high-quality, original copyrighted content.  When iQIYI first releases a new exclusive show, it will simultaneously invest significant resources advertising the show and encouraging new user subscription.  While new episodes of a popular show are being released, iQIYI maintains its market exclusivity as the only platform streaming that show.

86.     Whenever there is a new release by iQIYI, Defendant releases the same iQIYI show at the same pace on the Subject Domain Names, diverting consumers from the iQIYI platform to Defendant's infringing Subject Domain Names. New customers who would have paid subscription fees to iQIYI are diverted to Defendant's Subject Domain Names and potentially pay subscription fees to the Defendant.  This causes significant irreparable harm to iQIYI.

87.     Defendant's free streaming service has inferior streaming quality, and the inferior contents—along with iQIYI's logo and brand name—tarnish iQIYI's market reputation and cause irreparable harm to iQIYI.  Diverted customers who wish to view higher quality contents like those on the iQIYI platform have to pay a subscription fee to Defendant.

88.     Moreover, on information and belief, Defendant illegally promotes, distributes, and offers access to iQIYI's programming shortly after it is released by iQIYI.  The exclusive distribution period after a new program is released is critical to the value of the programming, as consumers are willing to spend money to gain early access.  Defendant's immediate infringement of iQIYI's newly released programming through unauthorized channels irreparably harms iQIYI by diverting away consumers who would have normally purchased access from iQIYI.

89.     Defendant's advertising confirms that its websites operating under the Subject Domain Names are primarily intended to function as commercial online hubs for streaming content, including many of the iQIYI Exclusive Shows, over the Internet. Because Defendant lacks any license or authorization to iQIYI's content, the primary purpose of its offerings is infringing and facilitating infringement.

90.     Defendant's use of the iQIYI Exclusive Shows and iQIYI Marks infringes iQIYI's copyrights and is likely to cause consumer confusion, including by suggesting to consumers that Defendant's websites—including not only iQIYI's offerings, but the dubious services and products advertised on Defendant's websites—are legitimate and authorized by or otherwise affiliated with iQIYI when they are not.

91.     On information and belief, Defendant is in full control of the display of iQIYI's content, could stop the infringement any time, and does not because the availability of such content is instrumental to its scheme.

92.     On information and belief, and as discussed further below, Defendant operates its illegal scheme, including its use of the iQIYI Exclusive Shows and iQIYI Marks, to (1) encourage the purchase of VIP Memberships; (2) draw users to increase view counts for advertising placement revenue purposes; and (3) drive business to Defendant's other businesses that are being advertised on Defendant's websites under the Subject Domain Names.

93.     On information and belief, the infringement-driven traffic increases the volume of online advertising impressions and transactions, which increases the likelihood of consumers purchasing both the VIP Membership and the products and/or services advertised on the Subject Domain Names, thereby increasing Defendant's revenue and profits. All of this enables Defendant to charge advertisers higher rates while simultaneously reaping significant revenue from

Defendant's Other Businesses, including by virtue of increased traffic to the Subject Domain Names, increasing their value. The Defendant's business model critically depends on the availability and use of iQIYI's programming and brand.

94.     Defendant publicly touts extraordinary viewership, including tens of millions of daily views, which, on information and belief, have only grown over time. For example, Defendant publicly lists out on Subject Domain Name No. 2 the following statistics of visitors to its website:[16]



95.     On the same page, Defendant also publicly touts that its websites continue to see increases in visitors, with data through 2023:[17]

---

[16] https://www.yfsp.tv/ad-center/data.
[17] https://www.yfsp.tv/ad-center/data.



96.    Defendant's conduct causes significant monetary harm, as well as irreparable harm to iQIYI and the hard-earned goodwill it has established in its business and the goods and services it offers.

97.    Defendant is causing irreparable harm to iQIYI and the consuming public by (i) causing an overall degradation of the value of the goodwill associated with the iQIYI Marks, particularly as iQIYI is targeting to expand into the United States; (ii) preventing iQIYI from maintaining control over the public perception of the iQIYI Marks and iQIYI Exclusive Shows, in order to further build goodwill; (iii) increasing iQIYI's overall cost to market its content and services and educate consumers about its brand via the Internet; (iv) diverting online consumer streaming traffic from iQIYI's legitimate platform to the piracy Subject Domain Names; (v) encouraging its online members and users to infringe on the iQIYI Marks and iQIYI Exclusive Shows by encouraging and allowing the online members and users to upload infringing copies of the iQIYI Marks and iQIYI Exclusive Shows; and (vi) maintaining an illegal marketplace

enterprise which perpetuates the ability of Defendant and future entrants to the illegal piracy marketplace to confuse consumers and harm Plaintiffs with impunity.

98.    Defendant knows, or should know, of its own and its users' infringement of iQIYI Exclusive Shows and iQIYI Marks for at least the reasons that: (i) Defendant inserts and provides links to, organizes by movie or television show title, and performs the infringing content for users; (ii) Defendant distributes and performs the content under the iQIYI Marks; (iii) as the largest media and entertainment company in China, iQIYI Exclusive Shows are highly popular in Asian American communities and Defendant profits as a direct result of performing that content.

99.    Defendant's wrongful conduct is done knowingly and intentionally or with reckless disregard or willful blindness to iQIYI's intellectual property rights.  If Defendant's activities are not preliminarily and permanently enjoined by this Court, iQIYI and the consuming public will continue to be harmed.

100.    iQIYI has no adequate remedy at law.

101.    iQIYI is suffering irreparable and indivisible injury and has suffered substantial monetary damages as a result of Defendant's unauthorized and unlawful use of the iQIYI Exclusive Shows and iQIYI Marks.   If Defendant's infringement, unfair competition, and otherwise wrongful conduct is not preliminarily and permanently enjoined by this Court, iQIYI and the consuming public will continue to be harmed.

102.    The harm and damage sustained by iQIYI have been directly and proximately caused by Defendant's infringing activities and by the creation, maintenance, and very existence of Defendant's illegal services.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Direct Copyright Infringement Against Defendant

### (17 U.S.C. §§ 101, et seq., 501, et seq.)

103.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 105 above as though fully set forth herein.

104.    Plaintiffs, namely, Beijing iQIYI and Beijing Qiyi Century, are the legal owners of the copyrights in the iQIYI Exclusive Shows.

105.    As reflected in the registrations therefor, each episode of the iQIYI Exclusive Shows is a separate, original audiovisual work fixed in a tangible medium of expression and qualifies as a copyrightable subject matter under Section 102 of the Copyright Act, has its own copyright life, is distinct, separate, and apart from the series, and has a separate economic value. Each episode can be shown at different times and in different orders. Accordingly, each episode is a separate "work" for the purposes of calculating statutory damages, where applicable.

106.    Plaintiffs have the exclusive rights, pursuant to Section 106 of the Copyright Act, to reproduce, distribute, and publicly perform the iQIYI Exclusive Shows.

107.    Plaintiffs also have the exclusive right, pursuant to Section 602 of the Copyright Act, to import and export the iQIYI Exclusive Shows.

108.    Neither Plaintiffs nor any other person authorized by Plaintiffs have granted any license, consent, permission, or authorization to Defendant to exercise these exclusive rights.

109.    Defendant, by itself and/or through its agents, infringed Plaintiffs' exclusive rights under 17 U.S.C. §§ 106 and 602 by importing, exporting, reproducing, distributing, and publicly performing the iQIYI Exclusive Shows.

110.    In addition to the unauthorized copies of the iQIYI Exclusive Shows, Plaintiffs are informed and believe that Defendant constantly updates its websites operating under the Subject Domain Names with new content from iQIYI.  Plaintiffs will seek leave to amend the Complaint when those additional infringing shows are identified.

111.    Defendant has actual and constructive knowledge, or should have knowledge, of its infringement of Beijing iQIYI's copyrighted works for at least the reasons that (1) Defendant inserts and provides links to, organizes by show title, and performs the infringing content, and does so for the purpose of Defendant's users' viewing of pirated content; (2) Defendant advertises and promotes the content on its websites operating under the Subject Domain Names; and (3) as one of the largest online entertainment services in China, Plaintiffs' content is highly popular in the Chinese communities abroad and Defendant profits as a direct result of performing that content.

112.    Defendant's infringing activities are willful and the result of reckless disregard or willful blindness to Plaintiffs' copyrights.

113.    As a direct and proximate cause of Defendant's copyright infringement, Plaintiffs are entitled to recover damages and Defendant's profits in the amount to be proven at trial.  In the alternative, for each of the registered shows, at their election, Plaintiffs are entitled to statutory damages of up to $150,000 per episode, or the relevant authorized statutory damages amount, by virtue of Defendant's willful infringement, or for such other amounts that may be proper under 17 U.S.C. § 504.

114.    Defendant's continuing infringing activities have caused and will cause substantial, immediate, and irreparable injury to Plaintiffs.  Unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiffs' copyrights.  Plaintiffs are entitled to injunctive relief under 17 U.S.C. § 502.

115.    Plaintiffs are entitled to their costs and reasonable attorneys' fees as an exceptional case and pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### Inducement of Copyright Infringement and Contributory Copyright Infringement

### (17 U.S.C. §§ 101, et seq., 501, et seq.)

116.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 105 above as though fully set forth herein.

117.    On information and belief, the users, subscribers, and members of the platform hosted on Defendant's Subject Domain Names infringed and are infringing on Plaintiffs' exclusive rights by searching for, acquiring, editing, uploading, and distributing the infringing copies of the iQIYI Exclusive Shows.

118.    On information and belief, Defendant purposefully induces and actively encourages users, subscribers, members, and/or their agents of Defendant's Subject Domain Names to search for, obtain, edit, and upload third-party audiovisual programs to use as contents on the Subject Domain Names' platform, in willful disregard of the copyright owner's rights in those audiovisual programs.

119.    On information and belief, Defendant promotes and encourages its users, subscribers, members, and/or their agents to purchase the VIP Membership that permits the user, subscriber, member, and/or their agent to infringe the copyrights of the iQIYI Exclusive shows and upload onto Defendant's websites operating under the Subject Domain Names.

120.    Defendant is aware that it does not have any license or authorization to import, distribute, publicly perform, or otherwise exploit the iQIYI Exclusive Shows.  Defendant is also aware that its users, subscribers, members, and/or their agents are unlawfully importing,

36

reproducing, distributing, and publicly performing the iQIYI Exclusive Shows by making unauthorized copies of the iQIYI Exclusive Shows and uploading them onto Defendant's websites operating under the Subject Domain Names.

121.    Defendant knows, or should know, of its contributory infringement and inducement of infringement of Plaintiffs' copyrighted works for at least the reasons that (1) Defendant inserts and provides links to, organizes by show title, and performs the infringing content, and does so for the purpose of Defendant's users' viewing of pirated content; (2) Defendant advertises and promotes the content on its websites operating under the Subject Domain Names; and (3) as one of the largest online entertainment service in China, Plaintiffs' content is highly popular in the Chinese communities abroad and Defendant profits as a direct result of performing that content.

122.    Defendant is liable for inducement and contributory infringement because it knows or has reason to know of the infringing activity and intentionally induced and materially contributed to the infringing activity.

123.    Defendant's contributory infringement and inducement of infringing activities are willful, purposeful, intentional, and the result of reckless disregard for or willful blindness to Plaintiffs' copyrights.

124.    As a direct and proximate cause of Defendant's contributory infringement and inducement of copyright infringement, Plaintiffs are entitled to recover damages and Defendant's profits in amounts to be proven at trial.  In the alternative, for each of the registered shows listed in Schedule C, at their election, Plaintiffs are entitled to statutory damages of, *e.g.*, up to $150,000 per episode, or the relevant authorized statutory damages amount, by virtue of Defendant's willful infringement, or for such other amounts that may be proper under 17 U.S.C. § 504.

125.    Defendant's continuing infringing activities have caused and will cause substantial, immediate, and irreparable injury to Plaintiffs.  Unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiffs' copyrights.  Plaintiffs are entitled to injunctive relief under 17 U.S.C. § 502.

126.    Plaintiffs are entitled to their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

## THIRD CLAIM FOR RELIEF

### Vicarious Copyright Infringement

### (17 U.S.C. §§ 101, et seq., 501, et seq.)

127.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 105 above as though set forth fully herein.

128.    On information and belief, Defendant has the power, authority, and obligation to supervise the infringing activities of the Subject Domain Names' users, subscribers, members, and/or their agents.  Defendant is thus vicariously liable for each of these infringing activities under 17 U.S.C. §§ 106, 602, and 501.

129.    On information and belief, the Subject Domain Names' users, subscribers, members, and/or their agents directly infringe Plaintiffs' copyrights by searching for, obtaining, editing, and uploading third-party audiovisual programs to use as content on Defendant's websites operating under the Subject Domain Names, including the infringing copies of the iQIYI Exclusive Shows.  Defendant derives direct financial gain from the direct infringing activities of the Subject Domain Names' users, subscribers, members, and/or their agents.

130.    On information and belief, Defendant has the power and ability to control its streaming service by suspending service to the users, subscribers, members, and/or their agents

who did not pay their subscription fees that permit uploading content to Defendant's websites operating under the Subject Domain Names.

131.    On information and belief, Defendant has the power and ability to control the content on its websites operating under the Subject Domain Names, by suspending and ceasing the infringing activities, screening its websites operating under the Subject Domain Names to filter out the infringing programs, and supervising its users, subscribers, members, and/or their agents to only make authorized content available on its platform.

132.    On information and belief, Defendant has the power, ability, and obligation to supervise the activities of the Subject Domain Names' users, subscribers, members, and/or their agents and prohibit any one of them from infringing Plaintiffs' copyrights.

133.    Defendant is also vicariously liable because it had the right and ability to control the infringing activity and directly benefited financially from the infringing activity.

134.    Defendant's vicarious copyright infringements are willful, purposeful, intentional, and the result of reckless disregard for and/or willful blindness to Plaintiffs' copyrights.

135.    As a direct and proximate cause of Defendant's contributory infringement and inducement of copyright infringement, Plaintiffs are entitled to recover damages and Defendant's profits in amounts to be proven at trial.  In the alternative, for each of the registered works listed under Schedule C, at their election, Plaintiffs are entitled to statutory damages of, *e.g.*, up to $150,000 per episode, or the relevant authorized statutory damages amount, by virtue of Defendant's willful infringement, or for such other amounts that may be proper under 17 U.S.C. § 504.

136.    Defendant's continuing infringing activities have caused and will cause substantial, immediate, and irreparable injury to Plaintiffs.  Unless enjoined and restrained by the Court,

Defendant will continue to infringe on Plaintiffs' copyrights. Plaintiffs are entitled to injunctive relief under 17 U.S.C. § 502.

137.    Plaintiffs are entitled to their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

## FOURTH CLAIM FOR RELIEF

### Registered Trademark Infringement

### (15 U.S.C. §§ 1114, et seq.)

138.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 105 above as though set forth fully herein.

139.    Beijing Qiyi Century is the legal owner of the federally registered iQIYI Marks.

140.    Neither Beijing Qiyi Century nor any other person authorized by Beijing Qiyi Century has granted any license, consent, permission, or authorization to Defendant to use the iQIYI Marks.

141.    Defendant has infringed and continues to infringe the iQIYI Marks, which are all federally registered.

142.    Defendant's actions are in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, including that such actions cause the public to mistake or to deceive as to the affiliation, connection or association of Defendant and its piracy operations with iQIYI and its entertainment content and services.

143.    Because of Defendant's infringement, Plaintiffs have been injured and damaged, and is entitled to recover damages sustained by Plaintiffs, Defendant's profits, and costs of the action pursuant to 15 U.S.C. § 1117.

144.     Defendant is using Plaintiffs' Registered Marks with full knowledge of Plaintiffs' substantial recognition, reputation, and goodwill.

145.     Given Defendant's infringement and unfair competition, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a), allowing this Court to award reasonable attorneys' fees.

146.     Defendant's acts have damaged and will continue to damage Plaintiffs.  Plaintiffs have no adequate remedy at law, including because injury to its goodwill, brand, reputation, and business interests, as well as confusion and deception among consumers, is difficult and sometimes impossible to quantify, and such injury cannot be fully compensated by any monetary award. Accordingly, to prevent the ongoing violation of Plaintiffs' rights to the iQIYI Marks and compensate Plaintiffs for the irreparable harms they have suffered, Plaintiffs are entitled to injunctive relief, including pursuant to 15 U.S.C. § 1116.

## FIFTH CLAIM FOR RELIEF

### Common Law Trademark Infringement

147.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 105 above as though set forth fully herein.

148.     On information and belief, Defendant offers for distribution, actual distribution, offers to perform, and actual performance of the iQIYI Exclusive Shows using the iQIYI Marks. Plaintiffs are the owners of all common law rights in and to the iQIYI Marks.

149.     Specifically, on information and belief, Defendant is offering for distribution, distributing, offering to perform and performing the iQIYI Exclusive Shows using infringements of the iQIYI Marks.

41

150.     Defendant's unlawful actions have caused and are continuing to cause confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's distribution service using the iQIYI Marks.

151.     Plaintiffs have no adequate remedy at law.

152.     As a direct and proximate result of Defendant's infringement, the public is likely to be confused as to the origin and source of the iQIYI Exclusive Shows and/or believe that these iQIYI Exclusive Shows are authorized and licensed for use or otherwise by Plaintiffs for use by Defendant.  Plaintiffs have suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill and value of the iQIYI Marks unless and until Defendant is enjoined from continuing its wrongful acts.

## SIXTH CLAIM FOR RELIEF

### False Designation of Origin Pursuant to § 43(a) of the Lanham Act

### (15 U.S.C. §§ 1111, et seq.)

153.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 105 above as though set forth fully herein.

154.     Defendant's illegal distribution services for the pirated content is using exact copies of the iQIYI Marks to perform and distribute iQIYI Exclusive Shows, including within many of iQIYI's important business markets, such as the State of Florida and the United States of America.

155.     Defendant is using the iQIYI Marks in connection with its illegal distribution services of the iQIYI Exclusive Shows, in violation of Plaintiffs' intellectual property rights and to intentionally confuse consumers into believing the pirated content and distribution services are sponsored and endorsed by Plaintiffs.  Defendant's unauthorized use of the iQIYI Marks is designed to falsely suggest that their activities are sponsored and/or endorsed by Plaintiffs.

156.    On information and belief, Defendant's unlawful use of the iQIYI Marks is designed to make its services appear legitimate to attract a larger number of viewers which results in larger revenues for Defendant from paid subscriptions and advertisements.

157.    On information and belief, Defendant has used, in connection with its illegal distribution services, false designations of origin and false descriptions and representations, including words or symbols which tend to falsely describe or represent such distribution services to the general viewing public, with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Plaintiffs' detriment.

158.    Defendant has authorized infringing uses of the iQIYI Marks in connection with its illegal distribution service of the iQIYI Exclusive Shows.  Defendant has misrepresented to members of the consuming public that the distribution services of pirated content to which Defendant is facilitating access are genuine and authorized distribution services of Plaintiffs, and that its distribution services for such content are sponsored and/or endorsed by Plaintiffs.

159.    Defendant's misrepresentation and deception constitute willful and intentional violation of the Lanham Act § 43(a), including unfair competition.

160.    Defendant's false description, false representation, false designation of origin, and false advertising of the iQIYI Marks was knowing, willful, and deliberate, making this an exceptional case.

161.    As a direct and proximate result of Defendant's willful misrepresentation, Plaintiffs are entitled to enhanced damages as provided by law.

162.    As a direct and proximate result of Defendant's misrepresentation and deception, the public is likely to be confused as to the origin and source of the iQIYI Exclusive Shows and/or believe that these iQIYI Exclusive Shows are authorized and licensed for use or otherwise

provided by Plaintiffs for use by Defendant.  Plaintiffs have suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill and value of the iQIYI Marks unless and until Defendant is enjoined from continuing its wrongful acts.

163.    As a direct and proximate result of Defendant's misrepresentation and deception, Plaintiffs have suffered, and continue to suffer, injury, loss, and damages in an amount to be proven at trial.  Plaintiffs are entitled to injunctive relief, monetary damages, and other remedies provided by Sections 1116, 1117, and 1118 of the Lanham Act.

## SEVENTH CLAIM FOR RELIEF

### Common Law Unfair Competition

164.    Plaintiffs reallege and incorporate by reference the preceding paragraphs set forth above as though set forth in full in this claim.

165.    On information and belief, Defendant has been (i) performing and distributing pirated iQIYI Exclusive Shows using marks which are identical, both visually and phonetically, to the iQIYI Marks and the (ii) creation and maintenance of an illegal ongoing service network in which viewers may access public performances of and copy pirated iQIYI Exclusive Shows, operating parallel to Plaintiffs' own Internet pay subscription service through which iQIYI promotes its genuine content, in violation of Florida's common law of unfair competition. Specifically, and as described above, Defendant is promoting, advertising, and otherwise facilitating access to and copying of the iQIYI Exclusive Shows that use the iQIYI Marks for the purpose of creating an air of legitimacy for Defendant's websites operating under the Subject Domain Names.

166.    On information and belief, Defendant is infringing on Plaintiffs' intellectual property to unfairly compete with Plaintiffs and others for (i) space in search engine results across

an array of search terms and (ii) visibility on the World Wide Web, for the purpose of earning a profit at the Plaintiffs' expense and thereby collectively depriving Plaintiffs of a valuable marketing and educational tool which would otherwise be available to Plaintiffs and reducing the visibility of Plaintiffs' genuine services on the World Wide Web.

167.    Defendant's unlawful actions have caused and are continuing to cause confusion, mistake, and deception among members of the trade and general consuming public as to the origin and quality of Defendant's distribution services by their use of the iQIYI Marks.

168.    Plaintiffs have no adequate remedy at law.

169.    As a direct and proximate result of Defendant's illegal activities, Plaintiffs have suffered, and continue to suffer, irreparable injury, loss, and damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment on all Counts of this Complaint and an award of equitable relief and monetary relief as follows:

A.    Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502(a), and Federal Rule of Civil Procedure 65 enjoining Defendant, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from the following:

i.    Advertising, promoting, performing, copying, broadcasting, performing, and/or distributing any iQIYI Exclusive Shows and/or content that currently exists or which exists in the future; from infringing, counterfeiting, or diluting the iQIYI Marks, or any mark or trade dress similar thereto, in connection with the offering of any unauthorized services, including but not

limited to the advertisement, promotion, performance, copying, broadcasting, performance, and/or distribution of any iQIYI Exclusive Shows and/or other iQIYI content that currently exists or which exists in the future, from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with iQIYI; from falsely representing themselves as being connected with iQIYI, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the public to believe any content or services of Defendant are in any way endorsed by, approved by, and/or associated with iQIYI; from using any reproduction, counterfeit, infringement, copy or colorable imitation of the iQIYI Marks in connection with the publicity, promotion, advertising, or distribution of any services by Defendant or any content by Defendant; from affixing, applying, annexing or using in connection with the promotion, distribution, or advertisement of any services or content, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's services as being connected with iQIYI, or in any way endorsed by iQIYI; from engaging in search engine optimization strategies using colorable imitations of the iQIYI name or trademarks; and from otherwise unfairly competing with iQIYI;

ii. creating, maintaining, operating, joining, and participating in its World Wide Web based illegal marketplace used to copy, distribute, perform,

advertise, or promote services offering pirated content, including but not limited to the iQIYI Exclusive Shows, using counterfeits or infringements of the iQIYI Marks;

    iii.  Using, operating, advertising, promoting, selling, and/or rendering goods or services, or doing any act or thing, or coordinating any act or thing, under the name "Aiyifan" or any similar name that would likely cause confusion or mistake in the minds of members of the public as to the origin of iQIYI's Exclusive Shows or iQIYI Marks;

**B.**    Entry of an order requiring Defendant, its agent(s) or assign(s), to assign all rights, title, and interest, to the Subject Domain Names to Plaintiffs, and, if within five (5) days of entry of such an order, Defendant fails to make such an assignment, the Court order the act be done by another person appointed by the Court at Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

**C.**    Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, transferring the Subject Domain Names and any other domain names used by Defendant to engage in above described infringing activities at issue, including counterfeiting of the iQIYI Exclusive Shows and iQIYI Marks at issue, to Plaintiffs' control so they may no longer be used for illegal purposes.

**D.**    Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, that upon Plaintiffs' request, the top level domain (TLD) Registries for the Subject Domain Names or their administrators, including backend registry operators or administrators, redirect the Subject Domain Names to Plaintiffs' website, https://www.iqiyi.com, for the remainder of the registration period for the domain names.

47

E.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and in accordance with this Court's inherent equitable powers and its power to coerce compliance with its lawful orders, and due to Defendant's on-going operation of their counterfeiting activities, requiring any third parties providing services used in connection with Defendant's operation, including and without limitation to, Internet Service Providers ("ISPs"), web hosting providers, CDN service providers, DNS service providers, VPN service providers, domain name purchasing service, domain names privacy service, back-end service providers, affiliate program providers, web designers, shippers, search-based online advertising services (such as through-paid inclusion, paid search results, sponsored search results, sponsored links, and Internet keyword advertising), any banks, savings and loan associations, merchant account providers, payment processors and providers, credit card associations, or other financial institutions, including without limitation, WeChat, and any other service provider which has provided services or, in the future, provides services to Defendant, having knowledge of this Order by service, actual notice, or otherwise, to comply with the following:

       i.  Permanently enjoined from providing services to Defendant in conjunction with any of the acts set forth in subparagraphs A(i) through A(iii) above; and

      ii.  Disable, within seven (7) days, any accounts and/or domain names associated with Defendant, including any new domain addresses associated with Defendant that are not addressed in Schedule A ("Newly-Detected Websites"), in the event Plaintiffs identify any Newly-Detected Website registered or operated by Defendant and used in conjunction with the

streaming any of the iQIYI Exclusive Shows and serves this Court's order on the third party.

F.     Entry of an Order awarding Plaintiffs the following:

    i.  For one or more registered works, statutory damages as awarded by the Court up to $150,000 per registered work infringed under 17 U.S.C. § 504(c), or Defendant's profits attributable to the infringement of those registered works under 17 U.S.C. § 504(b);

    ii.  For one or more unregistered works, an award of Defendant's profits attributable to the infringement of each unregistered work under 17 U.S.C. § 504(b);

    iii.  For all profits and damages resulting from those Defendant's activities, that the award to Plaintiffs be trebled, as provided for under 15 U.S.C. § 1125(d);

    iv.  For all profits and damages resulting from Defendant's trademark counterfeiting and infringing activities, that the award to Plaintiffs be trebled, as provided for under 15 U.S.C. § 1117; and

    v.  Plaintiffs' costs and reasonable attorneys' fees and investigative fees associated with bringing this action, pursuant to 15 U.S.C. § 1117 (a) and (b).

G.     Entry of an Order pursuant to Fed. R. Civ. P. Rule 69 authorizing Plaintiffs to engage in post-judgment discovery relating to the identities and addresses (physical and email) of Defendant, the Subject Domain Names, any other domain names registered by Defendant, including without limitation to any Newly-Detected Website, and financial accounts owned or

controlled by Defendant, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them.

     **H.**    For pre- and post-judgment interest on all monetary relief, from the earliest date permitted by law at the maximum rate permitted by law; and

     **I.**    Entry of an order for such other and further relief as the Court may deem proper and just.

Dated: April 30, 2025

Respectfully submitted,

By:    */s/ David M. Buckner*
David M. Buckner Esq.
Florida Bar No.:  60550
Buckner + Miles
2020 Salzedo Street
Suite 302
Coral Gables FL 33134
Phone: (305) 964-8003
david@bucknermiles.com


BAKER BOTTS L.L.P.



By:    */s/ Wendy Wang*
Chao "Wendy" Wang (*pro hac vice forthcoming*)
wendy.wang@bakerbotts.com
1001 Page Mill Road, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Fax: (650) 739-7699

Julie Albert (*pro hac vice forthcoming*)
julie.albert@bakerbotts.com

50

30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-2500
Fax: (212) 408-2501

Alison Sigurdsson (*pro hac vice forthcoming*)
alison.sigurdsson@bakerbotts.com
Julia S. Wu (*pro hac vice forthcoming*)
julia.wu@bakerbotts.com
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 291-6200
Fax: (415) 291-6300

**SCHEDULE A**

**LIST OF SUBJECT DOMAIN NAMES**

| Domain Name No. | Domain Name |
|---|---|
| 1 | m.yfsp.tv |
| 2 | www.yfsp.tv |
| 3 | www.yfsp.lv |
| 4 | www.iyf.tv |
| 5 | www.iyf.lv |
| 6 | www.aiyifan.tv |
| 7 | www.ayysp.com |

**SCHEDULE B**

**PLAINTIFFS' FEDERALLY REGISTERED COPYRIGHT WORKS**

| Exhibits | Title | Registration No. | Date of Registration |
|---|---|---|---|
| 1. (Registration Certificate)<br><br>182. (Evidence of Infringement) | Luoyang Episodes 2-5, 13-15, 18-39 | PA 2-336-014, PA 2-336-929, PA 2-336-367, PA 2-336-971, PA 2-336-928, PA 2-336-729, PA 2-341-360, PA 2-341-928, PA 2-341-929, PA 2-341-927, PA 2-341-363, PA 2-341-365, PA 2-341-369, PA 2-341-371, PA 2-341-110, PA 2-341-109, PA 2-340-913, PA 2-340-914, PA 2-340-915, PA 2-340-917, PA 2-340-918, PA 2-340-919, PA 2-340-920, PA 2-340-922, PA 2-340-923, PA 2-340-925, PA 2-340-927, PA 2-340-928, PA 2-340-929 | December 26, 2021 (PA 2-336-014)<br><br>December 24, 2021 (PA 2-336-929, PA 2-336-367)<br><br>February 23, 2022 (PA 2-340-923, PA 2-340-928)<br><br>February 22, 2022 (PA 2-336-971, PA 2-336-928, PA 2-340-929)<br><br>February 21, 2022 (PA 2-341-929)<br><br>March 20, 2022 (PA 2-341-360)<br><br>March 24, 2022 (PA 2-341-928, PA 2-341-929, PA 2-341-927)<br><br>March 23, 2022 (9 PA 2-341-363, PA 2-341-365)<br><br>March 22, 2022 (PA 2-341-369, PA 2-341-371)<br><br>March 21, 2022 (PA 2-341-110, PA 2-341-109) |

| | | | |
|---|---|---|---|
| | | | March 18, 2022 (PA 2-340-914, PA 2-340-917)<br><br>March 16, 2022 (PA 2-340-915)<br><br>March 15, 2022 (PA 2-340-918, PA 2-340-919, PA 2-340-920, PA 2-340-922, PA 2-340-925)<br><br>March 2, 2022 (PA 2-340-927) |
| 2.  (Registration Certificate)<br><br>210. (Evidence of Infringement) | Miss Voice Episode 1 | PA0002250689 | May 14, 2020 |
| 3.  (Registration Certificate)<br><br>210. (Evidence of Infringement) | Miss Voice Episode 2 Part 1 | PA0002237731 | April 3, 2020 |
| 4.  (Registration Certificate)<br><br>183. (Evidence of Infringement) | Mr. Housework Season 3 Episodes 1-12 | PA 2-313-216, PA 2-313-217, PA 2-317-922, PA 2-317-924, PA 2-319-041, PA 2-319-040, PA 2-319-042, PA 2-319-043, PA 2-323-208, PA 2-323-201, PA 2-317-926, PA 2-317-930, PA 2-323-588, PA 2-323-586, PA 2-323-587, PA 2-323-589, PA 2-323-593, PA 2-323-592, PA 2-323-591, PA 2- | September 3, 2021 (PA 2-313-216)<br><br>September 2, 2021 (PA 2-313-217)<br><br>September 18, 2021 (PA 2-317-922, PA 2-317-924)<br><br>September 28, 2021 (PA 2-319-041, PA 2-319-040, PA 2-319-042)<br><br>September 29, 2021 (PA 2-319-043) |

| | | 323-689, PA 2-323-590, PA 2-323-594, PA 2-323-698, PA 2-323-697 | October 12, 2021 (PA 2-323-208, PA 2-323-201)<br><br>September 21, 2021 (PA 2-317-926, PA 2-317-930)<br><br>October 20, 2021 (PA 2-323-588, PA 2-323-586, PA 2-323-587)<br><br>October 22, 2021 (PA 2-323-589, PA 2-323-593, PA 2-323-592, PA 2-323-591, PA 2-323-689, PA 2-323-590, PA 2-323-594, PA 2-323-698, PA 2-323-697) |
|---|---|---|---|
| 5. (Registration Certificate)<br><br>211. (Evidence of Infringement) | The Big Band Season 2 Episodes 1-15 | PA 2-269-847, PA 2-269-849, PA 2-273-388, PA 2-273-389, PA 2-271-390, PA 2-271-392, PA 2-273-390, PA 2-273-394, PA 2-273-399, PA 2-273-400, PA 2-273-402, PA 2-273-402, PA 2-273-409, PA 2-273-383, PA 2-273-385, PA 2-273-239, PA 2-273-283, PA 2-273-240, PA 2-275-738, PA 2-275-741, PA 2-275-753, PA 2-275-754, PA 2- | October 20, 2020 (PA 2-269-847, PA 2-269-849)<br><br>October 30, 2020 (PA 2-273-388, PA 2-273-389)<br><br>November 7, 2020 (PA 2-271-390, PA 2-271-392)<br><br>November 12, 2020 (PA 2-273-390)<br><br>November 13, 2020 (PA 2-273-394, PA 2-273-399, PA 2-273-400)<br><br>November 23, 2020 (PA 2-273-402, PA 2-273-402, PA 2- |

| | | 275-765, PA 2-275-761 | 273-409, PA 2-273-383, PA 2-273-385) |
|---|---|---|---|
| | | | November 25, 2020 (PA 2-273-239, PA 2-273-283) |
| | | | December 4, 2020 (PA 2-273-240) |
| | | | December 6, 2020 (PA 2-275-738, PA 2-275-741) |
| | | | December 10, 2020 (PA 2-275-753, PA 2-275-754, PA 2-275-765) |
| | | | December 11, 2020 (PA 2-275-761) |
| 6. (Registration Certificate)<br><br>219. (Evidence of Infringement) | The Rap of China 2020, Episodes 1-12 | PA 2-269-974, PA 2-269-979, PA 2-274-617, PA 2-274-626, PA 2-274-627, PA 2-274-628, PA 2-274-649, PA 2-276-758, PA 2-276-759, PA 2-274-652, PA 2-274-652, PA 2-275-033, PA 2-275-080, PA 2-275-111, PA 2-277-209, PA 2-277-206, PA 2-276-472, PA 2-277-099, PA 2-277-106, PA 2-277-108, PA 2-277-110, PA 2-277-119, PA 2-277-116, PA 2-276-473, PA 2-276-478, PA 2- | November 6, 2020 (PA 2-269-974)<br><br>November 17, 2020 (PA 2-269-979)<br><br>November 23, 2020 (PA 2-274-617)<br><br>November 25, 2020 (PA 2-274-626, PA 2-274-627, PA 2-274-628, PA 2-274-649)<br><br>December 6, 2020 (PA 2-276-758, PA 2-276-759, PA 2-274-652)<br><br>December 10, 2020 (PA 2-274-652, PA 2-275-033, PA 2-275-080) |

| | | 277-102, PA 2-277-100 | December 11, 2020 (PA 2-275-111)<br><br>December 21, 2020 (PA 2-277-209, PA 2-277-206)<br><br>December 29, 2020 (PA 2-276-472)<br><br>December 31, 2020 (PA 2-277-099)<br><br>January 3, 2021 (PA 2-277-106)<br><br>January 4, 2021 (PA 2-277-108, PA 2-277-110, PA 2-277-119)<br><br>January 6, 2021 (PA 2-277-116, PA 2-276-473)<br><br>January 7, 2021 (PA 2-276-478, PA 2-277-102, PA 2-277-100) |
|---|---|---|---|
| 7. (Registration Certificate)<br><br>212. (Evidence of Infringement) | The Rebel Episodes 1-43 | PA 2-318-544, PA 2-318-544, PA 2-318-547, PA 2-318-549, PA 2-318-551, PA 2-318-556, PA 2-318-499, PA 2-316-628, PA 2-316-284, PA 2-316-458, PA 2-316-460, PA 2-316-465, PA 2-316-476, PA 2-317-216, PA 2-316-927, PA 2-316-928, PA 2-316-929, PA 2- | September 7, 2021 (PA 2-318-544, PA 2-318-547, PA 2-318-549, PA 2-318-551, PA 2-318-556)<br><br>September 8, 2021 (PA 2-318-499, PA 2-316-628, PA 2-316-284, PA 2-316-458, PA 2-316-460, PA 2-316-465)<br><br>September 9, 2021 (PA 2-316-476)<br><br>September 10, 2021 (PA 2-317-216, PA |

| | | | |
|---|---|---|---|
| | | 316-934, PA 2-316-940, PA 2-316-941, PA 2-316-942, PA 2-316-785, PA 2-316-943, PA 2-316-945, PA 2-317-796, PA 2-317-797, PA 2-317-799, PA 2-317-800, PA 2-317-801, PA 2-317-802, PA 2-317-803, PA 2-317-804, PA 2-317-805, PA 2-317-806, PA 2-317-936, PA 2-317-938, PA 2-317-939, PA 2-317-940, PA 2-317-942, PA 2-317-943, PA 2-317-951, PA 2-317-952, PA 2-317-948 | 2-316-927, PA 2-316-928, PA 2-316-929)<br><br>September 13, 2021 (PA 2-316-934, PA 2-316-940)<br><br>September 14, 2021 (PA 2-316-941, PA 2-316-942)<br><br>September 15, 2021 (PA 2-316-785, PA 2-316-943, PA 2-316-945)<br><br>September 16, 2021 (PA 2-317-796, PA 2-317-797)<br><br>September 17, 2021 (PA 2-317-799, PA 2-317-800, PA 2-317-801, PA 2-317-802, PA 2-317-803, PA 2-317-804, PA 2-317-805, PA 2-317-806)<br><br>September 18, 2021 (PA 2-317-936, PA 2-317-938, PA 2-317-939, PA 2-317-940, PA 2-317-942)<br><br>September 26, 2021 (PA 2-317-943, PA 2-317-951, PA 2-317-952)<br><br>September 22, 2021 (PA 2-317-948) |
| 8. (Registration Certificate) | Who Is The Murderer Episodes 7-10 | PA 2-340-908, PA 2-340-909, PA 2- | February 11, 2022 (PA 2-340-908) |

| | | | |
|---|---|---|---|
| 184. (Evidence of Infringement) | | 340-910, PA 2-340-901 | February 10, 2022 (PA 2-340-909, PA 2-340-910, PA 2-340-901) |
| 9.  (Registration Certificate)<br><br>213. (Evidence of Infringement) | The White Olive Tree | PA 2-522-923, PA 2-522-803, PA 2-522-891, PA 2-522-894, PA 2-522-900, PA 2-522-904, PA 2-522-913, PA 2-522-918, PA 2-522-921, PA 2-522-912, PA 2-524-649, PA 2-524-651, PA 2-524-654, PA 2-524-656, PA 2-524-659, PA 2-524-665, PA 2-524-667, PA 2-524-670, PA 2-524-675, PA 2-524-678, PA 2-524-680, PA 2-524-682, PA 2-524-685, PA 2-524-688, PA 2-524-689, PA 2-524-690, PA 2-524-691, PA 2-524-699, PA 2-524-700, PA 2-524-701, PA 2-524-703, PA 2-524-704, PA 2-524-706, PA 2-524-708, PA 2-524-709, PA 2-524-710, PA 2-524-712, PA 2-524-720 | March 10, 2025 (PA 2-522-923, PA 2-522-803, PA 2-522-891, PA 2-522-894, PA 2-522-900, PA 2-522-904, PA 2-522-913, PA 2-522-918, PA 2-522-921, PA 2-522-912, PA 2-524-649, PA 2-524-651, PA 2-524-654, PA 2-524-656, PA 2-524-659, PA 2-524-665, PA 2-524-667, PA 2-524-670, PA 2-524-675)<br><br>March 9, 2025 (PA 2-524-678, PA 2-524-680, PA 2-524-682, PA 2-524-685)<br><br>March 7, 2025 (PA 2-524-699, PA 2-524-700, PA 2-524-701, PA 2-524-703)<br><br>March 5, 2025 (PA 2-524-704, PA 2-524-706, PA 2-524-708, PA 2-524-709, PA 2-524-710, PA 2-524-712, PA 2-524-720) |

| | | | |
|---|---|---|---|
| 10. (Registration Certificate)<br><br>214. (Evidence of Infringement) | Drifting Away | PA 2-525-154, PA 2-525-156, PA 2-525-152, PA 2-525-155 | March 13, 2025 (PA 2-525-154, PA 2-525-156)<br><br>March 14, 2025 (PA 2-525-152, PA 2-525-155) |
| 11. (Registration Certificate)<br><br>215. (Evidence of Infringement) | City of Romance | PA 2-525-980, PA 2-525-982, PA 2-525-983, PA 2-525-984, PA 2-525-986, PA 2-525-987, PA 2-525-988, PA 2-525-989, PA 2-525-990, PA 2-526-058, PA 2-526-059, PA 2-526-060, PA 2-526-061, PA 2-526-062, PA 2-526-063, PA 2-526-064, PA 2-526-066, PA 2-526-067, PA 2-526-068, PA 2-526-069, PA 2-526-070, PA 2-526-071 | March 18, 2025 (PA 2-525-980, PA 2-525-982, PA 2-525-983, PA 2-525-984, PA 2-525-986, PA 2-525-987, PA 2-525-988, PA 2-525-989, PA 2-525-990, PA 2-526-058, PA 2-526-059)<br><br>March 19, 2025 (PA 2-526-060, PA 2-526-061, PA 2-526-062, PA 2-526-063, PA 2-526-064, PA 2-526-066, PA 2-526-067, PA 2-526-068, PA 2-526-069, PA 2-526-070, PA 2-526-071) |
| 12. (Registration Certificate)<br><br>216. (Evidence of Infringement) | Shang Xin Le Gu Gong, Episodes 1-10 | PA 2-248-987, PA 2-252-311, PA 2-254-294, PA 2-252-595 | February 25, 2020 |
| 13. (Registration Certificate)<br><br>217. (Evidence of Infringement) | Destined Episodes 1-40 | PA 2-438-145, PA 2-438-147, PA 2-438-148, PA 2-438-149, PA 2-438-150, PA 2-438-151, PA 2-438-152, PA 2-438-154, PA 2-438-158, PA 2-438-162, PA 2- | July 24, 2023 (PA 2-438-145, PA 2-438-147, PA 2-438-148, PA 2-438-149, PA 2-438-150, PA 2-438-151, PA 2-438-152, PA 2-438-154, PA 2-438-158, PA 2-438-162, PA 2-438-172, PA 2- |

| | | 438-172, PA 2-438-173, PA 2-438-174, PA 2-438-175, PA 2-438-177, PA 2-438-184, PA 2-438-186, PA 2-438-187, PA 2-438-188, PA 2-438-189, PA 2-438-191, PA 2-438-194, PA 2-438-198, PA 2-438-199, PA 2-438-201, PA 2-438-216, PA 2-438-220, PA 2-438-223, PA 2-438-229, PA 2-438-232, PA 2-438-237, PA 2-438-239, PA 2-438-242, PA 2-438-243, PA 2-438-244, PA 2-438-246, PA 2-438-248, PA 2-438-251, PA 2-438-255, PA 2-438-256 | 438-173, PA 2-438-174, PA 2-438-175, PA 2-438-177, PA 2-438-184, PA 2-438-186, PA 2-438-187, PA 2-438-188, PA 2-438-189, PA 2-438-191)<br><br>July 25, 2023 (PA 2-438-194, PA 2-438-198, PA 2-438-199, PA 2-438-201, PA 2-438-216, PA 2-438-220, PA 2-438-223, PA 2-438-229, PA 2-438-232, PA 2-438-237, PA 2-438-239)<br><br>July 26, 2023 (PA 2-438-242, PA 2-438-243, PA 2-438-244, PA 2-438-246, PA 2-438-248, PA 2-438-251, PA 2-438-255, PA 2-438-256) |
| 14. (Registration Certificate)<br><br>218. (Evidence of Infringement) | Wo Shi Chang Zuo Ren, Season 1, Episodes 1-5 | | April 23, 2019 (PA0002185092)<br><br>April 24, 2019 (PA0002184641)<br><br>May 27, 2019 (PA0002190469)<br><br>June 5, 2019 (PA0002190482)<br><br>June 6, 2019 (PA0002190473) |

| 15. (Registration Certificate)  185. (Evidence of Infringement) | The Legend of White Snake, Episode 1 | PA0002190485 | June 5, 2019 |
|---|---|---|---|
| 16. (Registration Certificate)  220. (Evidence of Infringement) | Imperfect Victim, Episodes 1-28 | PA 2-432-841, PA 2-432-849, PA 2-432-850, PA 2-432-852, PA 2-432-853, PA 2-432-854, PA 2-432-855, PA 2-432-856, PA 2-432-857, PA 2-432-859, PA 2-432-866, PA 2-432-867, PA 2-432-869, PA 2-432-871, PA 2-432-875, PA 2-432-876, PA 2-432-877, PA 2-432-909, PA 2-432-912, PA 2-432-913, PA 2-432-914, PA 2-432-842, PA 2-432-915, PA 2-432-843, PA 2-432-844, PA 2-432-845, PA 2-432-906, PA 2-432-907 | August 8, 2023 (PA 2-432-841, PA 2-432-849, PA 2-432-850, PA 2-432-852, PA 2-432-853, PA 2-432-854, PA 2-432-855, PA 2-432-856, PA 2-432-857, PA 2-432-859)  August 15, 2023 (PA 2-432-866, PA 2-432-867, PA 2-432-869)  August 16, 2023 (PA 2-432-871, PA 2-432-875, PA 2-432-876, PA 2-432-877, PA 2-432-909, PA 2-432-912, PA 2-432-913, PA 2-432-914, PA 2-432-842, PA 2-432-915, PA 2-432-843, PA 2-432-844)  August 17, 2023 (PA 2-432-845)  September 29, 2023 (PA 2-432-906, PA 2-432-907) |
| 17. (Registration Certificate)  221. (Evidence of Infringement) | The Bad Kids, Episodes 1-12 | | September 3, 2020 (PA 2-264-501)  September 4, 2020 (PA 2-264-741, PA 2-264-730, PA 2-264-777, PA 2-264- |

| | | | 774, PA 2-264-749, PA 2-264-743, PA 2-264-736, PA 2-264-733) |
| | | | September 8, 2020 (PA 2-264-778, PA 2-264-779) |
| | | | August 28, 2020 (PA 2-265-645) |
| 18. (Registration Certificate)<br><br>222. (Evidence of Infringement) | The Detectives' Adventures, Episodes 1-14 | PA 2-313-532, PA 2-313-534, PA 2-313-220, PA 2-313-218, PA 2-316-920, PA 2-316-922, PA 2-317-792, PA 2-317-795, PA 2-317-932, PA 2-317-934, PA 2-319-036, PA 2-319-037, PA 2-319-038, PA 2-319-039, PA 2-323-204, PA 2-323-202, PA 2-323-696, PA 2-323-694, PA 2-323-693, PA 2-323-691, PA 2-323-690, PA 2-322-364, PA 2-322-675, PA 2-323-699, PA 2-323-687 | August 25, 2021 (PA 2-313-532)<br><br>August 26, 2021 (PA 2-313-534, PA 2-313-220, PA 2-313-218)<br><br>September 10, 2021 (PA 2-316-920, PA 2-316-922)<br><br>September 17, 2021 (PA 2-317-792, PA 2-317-795)<br><br>September 21, 2021 (PA 2-317-932)<br><br>September 22, 2021 (PA 2-317-934)<br><br>September 28, 2021 (PA 2-319-036, PA 2-319-037)<br><br>September 30, 2021 (PA 2-319-038, PA 2-319-039)<br><br>October 12, 2021 (PA 2-323-204, PA 2-323-202, PA 2-323-696, PA 2-323-694) |

| | | | October 21, 2021 (PA 2-323-693, PA 2-323-691, PA 2-323-690, PA 2-322-364)<br><br>October 22, 2021 (PA 2-322-675, PA 2-323-699, PA 2-323-687) |
|---|---|---|---|
| 19. (Registration Certificate)<br><br>223. (Evidence of Infringement) | The Knockout, Episodes 1-39 | PA 2-399-905, PA 2-399-906, PA 2-399-907, PA 2-399-908, PA 2-388-909, PA 2-399-910, PA 2-399-911, PA 2-399-912, PA 2-399-914, PA 2-399-915, PA 2-399-916, PA 2-399-917, PA 2-399-920, PA 2-399-923, PA 2-399-924, PA 2-399-926, PA 2-399-927, PA 2-399-928, PA 2-399-929, PA 2-399-930, PA 2-399-931, PA 2-399-934, PA 2-399-936, PA 2-399-937, PA 2-399-938, PA 2-399-940, PA 2-399-941, PA 2-399-942, PA 2-399-944, PA 2-400-013, PA 2-400-014, PA 2-400-015, PA 2-400-016, PA 2-400-017, PA 2-400-019, PA 2-400-021, PA 2- | January 31, 2023 (PA 2-399-905)<br><br>February 1, 2023 (PA 2-399-906, PA 2-399-907, PA 2-399-908, PA 2-388-909, PA 2-399-910, PA 2-399-911, PA 2-399-912, PA 2-399-914, PA 2-399-915, PA 2-399-916, PA 2-399-917, PA 2-399-920, PA 2-399-923, PA 2-399-924, PA 2-399-926, PA 2-399-927, PA 2-399-928, PA 2-399-929, PA 2-399-930, PA 2-399-931, PA 2-399-934, PA 2-399-936, PA 2-399-937, PA 2-399-938, PA 2-399-940, PA 2-399-941, PA 2-399-942, PA 2-399-944, PA 2-400-013, PA 2-400-014, PA 2-400-015, PA 2-400-016, PA 2-400-017, PA 2-400-019)<br><br>February 2, 2023 (PA 2-400-021, PA 2-400-022, PA 2- |

| | | 400-022, PA 2-400-023, PA 2-400-024 | 400-023, PA 2-400-024) |
|---|---|---|---|
| 20. (Registration Certificate)<br><br>224. (Evidence of Infringement) | The Long Night, Episodes 1-12 | PA 2-275-209, PA 2-2-275-206, PA 2-275-207, PA 2-275-984, PA 2-275-985, PA 2-275-099, PA 2-275-100, PA 2-275-101, PA 2-275-102, PA 2-275-103, PA 2-275-104, PA 2-275-211 | December 16, 2020 (PA 2-275-209, PA 2-2-275-206, PA 2-275-207)<br><br>December 14, 2020 (PA 2-275-984, PA 2-275-985, PA 2-275-099, PA 2-275-100)<br><br>December 15, 2020 (PA 2-275-101, PA 2-275-102, PA 2-275-103, PA 2-275-104)<br><br>December 17, 2020 (PA 2-275-211) |
| 21. (Registration Certificate)<br><br>225. (Evidence of Infringement) | Youth with You, Season 3 Episodes 1-22 | PA 2-290-753, PA 2-291, 183, PA 2-291-197, PA 2-291-204, PA 2-291-208, PA 2-291-209, PA 2-290-756, PA 2-290-757, PA 2-290-887, PA 2-290-877, PA 2-299-884, PA 2-300-129, PA 2-299-883, PA 2-300-153, PA 2-300-174, PA 2-300-210, PA 2-301-604, PA 2-301-607, PA 2-301-608, PA 2-301-609, PA 2-301-965, PA 2-301-966, PA 2-301-967, PA 2- | April 21, 2021 (PA 2-290-753, PA 2-291, 183, PA 2-291-197, PA 2-291-204, PA 2-291-208, PA 2-291-209)<br><br>April 15, 2021 (PA 2-290-756, PA 2-290-757, PA 2-290-887, PA 2-290-877)<br><br>June 3, 2021 (PA 2-299-884, PA 2-300-129, PA 2-299-883)<br><br>June 4, 2021 (PA 2-300-153, PA 2-300-174, PA 2-300-210)<br><br>June 11, 2021 (PA 2-301-604, PA 2- |

| | | | |
|---|---|---|---|
| | | 301-968, PA 2-303-136, PA 2-303-138, PA 2-303-140, PA 2-303-143, PA 2-305-101, PA 2-305-104, PA 2-305-105, PA 2-305-107, PA 2-304-850, PA 2-304-851, PA 2-305-846, PA 2-305-845, PA 2-304-852, PA 2-304-854, PA 2-304-855, PA 2-304-856, PA 2-305-849, PA 2-304-858, PA 2-305-847, PA 2-305-848, PA 2-309-486, PA 2-309-484, PA 2-309-485, PA 2-308-408 | 301-607, PA 2-301-608, PA 2-301-609)

June 17, 2021 (PA 2-301-965, PA 2-301-966)

June 18, 2021 (PA 2-301-967, PA 2-301-968)

June 24, 2021 (PA 2-303-136, PA 2-303-138)

June 25, 2021 (PA 2-303-140, PA 2-303-143)

July 1, 2021 (PA 2-305-101, PA 2-305-104, PA 2-305-105)

July 2, 2021 (PA 2-305-107)

July 6, 2021 (PA 2-304-850, PA 2-304-851)

July 7, 2021 (PA 2-305-846)

July 8, 2021 (PA 2-305-845, PA 2-304-852)

July 13, 2021 (PA 2-304-854, PA 2-304-855, PA 2-304-856, PA 2-305-849)

July 14, 2021 (PA 2-304-858) |

| | | | July 15, 2021 (PA 2-305-847, PA 2-305-848)<br><br>July 29, 2021 (PA 2-309-486, PA 2-309-484)<br><br>July 30, 2021 (PA 2-309-485)<br><br>August 24, 2021 (PA 2-308-408) |
|---|---|---|---|
| 22. (Registration Certificate)<br><br>226. (Evidence of Infringement) | The Pavilion, Episodes 1, 2, 6-8 | PA 2-336-371, PA 2-336-372, PA 2-336-271, PA 2-336-274, PA 2-336-275 | February 8, 2022 (PA 2-336-371, PA 2-336-372)<br><br>February 9, 2022 (PA 2-336-271, PA 2-336-274, PA 2-336-275) |
| 23. (Registration Certificate)<br><br>227. (Evidence of Infringement) | Crossroad Bistro, Episodes 1-30 | PA 2-322-108, PA 2-322-112, PA 2-324-245, PA 2-324-246, PA 2-322-117, PA 2-322-120, PA 2-322-115, PA 2-322-122, PA 2-322-124, PA 2-322-130, PA 2-322-131, PA 2-322-126, PA 2-324-247, PA 2-324-248, PA 2-324-249, Pa 2-324-250, PA 2-324-252, PA 2-324-253, PA 2-324-254, PA 2-326-372, PA 2-326-373, PA 2-326-374, PA 2-326-375, PA 2-326-376, PA 2- | October 12, 2021 (PA 2-322-108, PA 2-322-112, PA 2-324-245, PA 2-324-246, PA 2-322-117, PA 2-322-120, PA 2-322-115, PA 2-322-122, PA 2-322-124, PA 2-322-130, PA 2-322-131, PA 2-322-126)<br><br>October 14, 2021 (PA 2-324-247, PA 2-324-248, PA 2-324-249, Pa 2-324-250, PA 2-324-252)<br><br>October 15, 2021 (PA 2-324-253, PA 2-324-254, PA 2-326-372, PA 2-326-373, PA 2-326-374, PA 2-326-375, PA |

| | | 326-377, PA 2-326-378, PA 2-326-380, PA 2-326-383, PA 2-326-387 | 2-326-376, PA 2-326-377, PA 2-326-378, PA 2-326-380, PA 2-326-383, PA 2-326-387) |
|---|---|---|---|
| 24. (Registration Certificate)<br><br>228. (Evidence of Infringement) | Fourtry, Season 1, Episodes 7-14 | April 17, 2020 (PA0002242600)<br><br>April 19, 2020 (PA0002242602, PA0002243171, PA0002242601)<br><br>April 20, 2020 (PA0002243174, PA0002243175, PA0002242598, PA0002243169)<br><br>April 24, 2020 (PA0002243167)<br><br>May 11, 2020 (PA0002246849, PA0002243173, PA0002243733)<br><br>May 12, 2020 (PA0002246872, PA0002246875)<br><br>May 13, 2020 (PA0002246766) | April 17, 2020 (PA0002242600)<br><br>April 19, 2020 (PA0002242602, PA0002243171, PA0002242601)<br><br>April 20, 2020 (PA0002243174, PA0002243175, PA0002242598, PA0002243169)<br><br>April 24, 2020 (PA0002243167)<br><br>May 11, 2020 (PA0002246849, PA0002243173, PA0002243733)<br><br>May 12, 2020 (PA0002246872, PA0002246875)<br><br>May 13, 2020 (PA0002246766) |
| 25. (Registration Certificate)<br><br>229. (Evidence of Infringement) | Fourtry, Season 2, Episodes 1-12 | PA0002290793, PA0002290804, PA0002290802, PA0002290803, PA0002290254, PA0002290261, PA0002289154, PA0002290256, PA0002290258 PA0002289153, PA0002290772, PA0002289155, | April 7, 2021 (PA0002290793, PA0002290804, PA0002290802, PA0002290803, PA0002290254, PA0002290261)<br><br>April 8, 2021 (PA0002289154, PA0002290256, PA0002290258 |

| | | PA0002290246, PA0002291241, PA0002291245, PA0002291211, PA0002291217, PA0002294755, PA0002294754, PA0002294760, PA0002294759, PA0002294757, PA0002296783 | PA0002289153, PA0002290772, PA0002289155, PA0002290246)<br><br>April 14, 2021 (PA0002291241)<br><br>April 15, 2021 (PA0002291245)<br><br>April 21, 2021 (PA0002291211, PA0002291217)<br><br>May 11, 2021 (PA0002294755, PA0002294754)<br><br>May 12, 2021 (PA0002294760, PA0002294759, PA0002294757)<br><br>May 19, 2021 (PA0002296783) |
|---|---|---|---|
| 26. (Registration Certificate)<br><br>230. (Evidence of Infringement) | I CAN I BB, Season 7, Episodes 1-14, 16-22 | PA 2-290-813, PA 2-298-333, PA 2-298-334, PA 2-298-336, PA 2-298-337, PA 2-298-338, PA 2-298-339, PA 2-298-340, PA 2-298-343, PA 2-298-344, PA 2-290-805, PA 2-290-807, PA 2-290-810, PA 2-290-812, PA 2-290-937, PA 2-290-999, PA 2-291-000, PA 2-291-002, PA 2-291-003, PA 2-291-004, PA 2- | April 15, 2021 (PA 2-290-813)<br><br>May 28, 2021 (PA 2-298-333, PA 2-298-334, PA 2-298-336, PA 2-298-337, PA 2-298-338, PA 2-298-339, PA 2-298-340, PA 2-298-343, PA 2-298-344)<br><br>April 7, 2021 (PA 2-290-805, PA 2-290-807, PA 2-290-810, PA 2-290-812)<br><br>April 15, 2021 (PA 2-290-937, PA 2-290-999, PA 2-291-000, PA 2-291-002, |

| | | 291-165, PA 2-291-166, PA 2-291-168, PA 2-291-169, PA 2-291-171, PA 2-291-173, PA 2-291-175, PA 2-291-182, PA 2-291-189, PA 2-294-765, PA 2-294-769, PA 2-294-770, PA 2-294-821, PA 2-296-786, PA 2-296-789, PA 2-296-794, PA 2-296-800, PA 2-296-819, PA 2-296-834, PA 2-296-836, PA 2-296-843, PA 2-296-844, PA 2-296-846 | PA 2-291-003, PA 2-291-004)<br><br>April 21, 2021 (PA 2-291-165, PA 2-291-166, PA 2-291-168, PA 2-291-169, PA 2-291-171, PA 2-291-173, PA 2-291-175, PA 2-291-182, PA 2-291-189)<br><br>May 12, 2021 (PA 2-294-765, PA 2-294-769, PA 2-294-770, PA 2-294-821)<br><br>May 19, 2021 (PA 2-296-786, PA 2-296-789, PA 2-296-794)<br><br>May 20, 2021 (PA 2-296-800, PA 2-296-819, PA 2-296-834)<br><br>May 21, 2021 (PA 2-296-836, PA 2-296-843, PA 2-296-844, PA 2-296-846) |
| 27. (Registration Certificate)<br><br>231. (Evidence of Infringement) | The Knight of Shadows: Between Yin and Yang | PA0002300072 | November 24, 2020 |
| 28. (Registration Certificate)<br><br>232. (Evidence of Infringement) | The Monkey King: Reborn | PA0002313879 | September 23, 2021 |
| 29. (Registration Certificate) | Youth With You, Season 2, Episodes 8-12, 21-24 | PA 2-281-027, PA 2-281-028, PA 2-281-025, PA 2-281-026, PA 2- | March 10, 2021 |

| | | | |
|---|---|---|---|
| 233. (Evidence of Infringement) | | 281-029, PA 2-281-030, PA 2-281-042, PA 2-281-043, PA 2-281-045, PA 2-281-046, PA 2-281-047, PA 2-281-048, PA 2-281-050, PA 2-281-051, PA 2-281-052, PA 2-280-593, PA 2-281-053, PA 2-281-056 | |

**SCHEDULE C**

**PLAINTIFFS' WORKS PENDING FEDERAL COPYRIGHT REGISTRATION**

| Exhibit (Evidence of Infringement) | Title | Number of Episodes |
|---|---|---|
| 204. | The Best Thing | 28 |
| 205. | Unbreakable II | 38 |
| 206. | Trident II | 34 |
| 207. | Unnatural Fire | 38 |
| 208. | Watch Your Back | 24 |
| 209. | A Moment But Forever | 36 |
| 238. | Northward | 38 |
| 239. | The Source of River | 36 |

**SCHEDULE D**

**PLAINTIFFS' UNREGISTERED COPYRIGHT WORKS**

| Exhibit (Evidence of Infringement) | Title | Number of Episodes |
|---|---|---|
| 30. | 10,000 Miles | 1 |
| 31. | Everybody in the House | 16 |
| 32. | Super Sketch Show 2 | 34 |
| 33. | Big Three Dragons | 1 |
| 34. | Shining For One Thing | 24 |
| 35. | Love You Seven Times | 38 |
| 36. | Soul Mate | 53 |
| 37. | Everlasting Immortals Firmament Season3 | 13 |
| 38. | Everlasting Immortals Firmament Season 4 | 12 |
| 39. | Sweet Teeth | 22 |
| 40. | Missing | 12 |
| 41. | Northeastern Bro 2: Endless Love | 1 |
| 42. | Fight Against Evil | 1 |
| 43. | Warm on a Cold Night | 36 |
| 44. | Miss Buyer | 24 |
| 45. | The Generation Hip Hop Project | 12 |
| 46. | Dear Missy | 36 |
| 47. | My Journey to You | 24 |

| 48. | LEFT RIGHT | 34 |
|---|---|---|
| 49. | Hello Dear Ancestors | 24 |
| 50. | Beloved Life | 36 |
| 51. | Miles to Go | 37 |
| 52. | Never Give Up | 40 |
| 53. | Sword and Fairy 4 | 36 |
| 54. | Youth | 24 |
| 55. | Inn of Kitchen | 48 |
| 56. | Yu Zui | 12 |
| 57. | The Neuron Doctors | 36 |
| 58. | Vacation of Love 2 | 40 |
| 59. | Your Sensibility My Destiny | 24 |
| 60. | Dr. Tang | 36 |
| 61. | Renascence | 36 |
| 62. | Kung Fu Cop | 42 |
| 63. | Bureau of Transformer | 24 |
| 64. | The Accidental Physicians | 24 |
| 65. | Kidnapping Game | 12 |
| 66. | Sisterhood | 40 |
| 67. | My Heart | 24 |
| 68. | New Life Begins | 40 |
| 69. | 原声中国 | 12 |

| 70. | The Bugle from Gutian | 1 |
| 71. | 200 Million Years Old Classmate | 24 |
| 72. | Detective Chinatown 2 | 16 |
| 73. | Echo | 13 |
| 74. | Homesick | 12 |
| 75. | The Legendary Fok | 20 |
| 76. | Young Blood | 42 |
| 77. | White Cat Legend | 36 |
| 78. | THE EXAMINATION FOR EVERYONE | 22 |
| 79. | Giant Fish | 1 |
| 80. | The Heart of Genius | 34 |
| 81. | I Can I BB S2 | 25 |
| 82. | Her World | 32 |
| 83. | Lady's Club | 10 |
| 84. | A Lonely Hero's Journey | 36 |
| 85. | Story of Kunning Palace | 38 |
| 86. | Best Enemy | 36 |
| 87. | Enemy | 37 |
| 88. | Little Valentine | 40 |
| 89. | Young Babylon | 26 |
| 90. | Pledge of Allegiance | 24 |
| 91. | Why Try to Change Me Now | 6 |

| 92. | 废柴兄弟第一季 | 29 |
| 93. | Road Home | 30 |
| 94. | Be My Princess | 30 |
| 95. | First Love Again | 24 |
| 96. | Life is a Long Quiet River | 35 |
| 97. | Hello Beautiful Life | 36 |
| 98. | HACHIKO | 1 |
| 99. | We Are All Alone | 36 |
| 100. | In Love with Your Dimples | 24 |
| 101. | Lovely Swords Girl | 24 |
| 102. | The City of Chaos | 24 |
| 103. | Our Ordinary Days | 38 |
| 104. | Never Too Late | 37 |
| 105. | Mr. BAD | 24 |
| 106. | 我的微信通龙宫 | 60 |
| 107. | Love in Time | 24 |
| 108. | My Mowgli Boy | 50 |
| 109. | Rising With the Wind | 40 |
| 110. | Rock it, Mom | 12 |
| 111. | Love in a Loop | 24 |
| 112. | Great Person | 40 |
| 113. | The Fearless | 40 |

| 114. | Burning Ice | 12 |
| 115. | Immortals of the Godless Age | 24 |
| 116. | Under the Microscope | 14 |
| 117. | Hidden Edge | 24 |
| 118. | Day Breaker | 24 |
| 119. | Song of the Moon | 40 |
| 120. | Are You OK? Season 1 | 12 |
| 121. | Hi Producer! | 35 |
| 122. | The Eight | 34 |
| 123. | Checkmate | 24 |
| 124. | My Roommate is a Detective | 36 |
| 125. | Tientsin Mystic 2 | 24 |
| 126. | Live Goodbye | 12 |
| 127. | Unchained Love | 36 |
| 128. | The Lost 11th Floor | 24 |
| 129. | Gold Panning | 12 |
| 130. | The Magical Women | 20 |
| 131. | Burning Flames | 40 |
| 132. | In Later Years | 39 |
| 133. | Love the Way You Are | 24 |
| 134. | Face Off | 42 |
| 135. | Customer First | 30 |

| 136. | ACE TROOPS | 40 |
| 137. | The Ideal City | 40 |
| 138. | The Theatre Stories | 35 |
| 139. | Oh My Life | 50 |
| 140. | Romance on the Farm | 26 |
| 141. | Hundred Refining Soaring Record | 100 |
| 142. | Eye for an Eye | 1 |
| 143. | Eye for an Eye 2 | 1 |
| 144. | Blind War | 1 |
| 145. | The Lord Of Losers | 24 |
| 146. | The Lord Of Losers 2 | 24 |
| 147. | My Sassy Princess | 22 |
| 148. | Hero Dog 3 | 43 |
| 149. | Secret Fruit | 1 |
| 150. | Second Time is a Charm | 57 |
| 151. | My Way | 31 |
| 152. | Ultimate Note | 37 |
| 153. | Warrior Spirit | 20 |
| 154. | Chasing the Undercurrent | 40 |
| 155. | Viva Femina | 35 |
| 156. | The Mystic Nine | 48 |
| 157. | Beauty of Resilience | 36 |
| 158. | Love is an Accident | 32 |

| 159. | Love Between Fairy and Devil | 36 |
| 160. | Love Between Fairy and Devil Season1 | 36 |
| 161. | Ping Pong Life | 44 |
| 162. | Mysterious Lotus Casebook | 40 |
| 163. | Ordinary Greatness | 38 |
| 164. | 说唱巅峰 | 55 |
| 165. | Thousand Years For You | 36 |
| 166. | Men in Love | 40 |
| 167. | The Lion's Secret | 33 |
| 168. | See You Again | 30 |
| 169. | Off the Stage | 1 |
| 170. | Chasing Ping-Pong | 36 |
| 171. | Be my wife Season 2 | 12 |
| 172. | Interlaced Scenes | 15 |
| 173. | Our Shining Days | 24 |
| 174. | 隐世掌门宗教 | 52 |
| 175. | The Hidden Fox | 1 |
| 176. | Crimson River | 12 |
| 177. | Wild Bloom | 36 |
| 178. | The Wind Blows From Longxi | 24 |
| 179. | Winter Begonia | 49 |
| 180. | Sticky Club | 12 |

| 181. | The Penalty Zone | 44 |
| 182. | Luoyang Episodes 1, 6-12, 16-17 | 39 |
| 183. | Mr. Housework Season 3 Episodes 13-24 | 24 |
| 184. | Who is the Murderer, Episodes 1-6, 11-16 | 16 |
| 185. | The Legend of White Snake, Episodes 2-36 | 36 |
| 186. | Mian Ju, Episodes 1-40 | 40 |
| 187. | Yun Dian Zhi Shang, Episodes 1-51 | 51 |
| 188. | Ai Guo Zhe, Episodes 1-50 | 50 |
| 189. | Xun Ren Da Shi, Episodes 1-36 | 36 |
| 190. | Pei Du Ma Ma, Episodes 1-48 | 48 |
| 191. | 机器人争霸 | 13 |
| 192. | 狐狸之声 | 12 |
| 193. | Jia You Er Nv Chu Zhang Cheng | 30 |
| 194. | Wo Qi Shang Xue La, Season 1 | 12 |
| 195. | Wo Qi Shang Xue La, Season 2 | 12 |
| 196. | Ou Di Ge Shen A, Season 3 | 12 |
| 197. | Ben Cao Zhong Hua | 6 |
| 198. | Are You OK, Season 2 | 24 |
| 199. | Our New Life | 1 |
| 200. | The Ancient Welkin, Season 3 | 12 |
| 201. | The Ancient Welkin, Season 4 | 12 |
| 202. | Rap of China 2023 | 55 |

| 203. | Dear Parents | 43 |
|------|--------------|-----|
| 234. | Rap of China 2022 | 55 |
| 235. | Northeastern Bro | 1 |
| 236. | Great Miss D | 12 |
| 237. | Mr. Housework Season 4 | 37 |
| 185. | The Legend of White Snake, Episodes 2-36 | 36 |
| 233. | Youth With You, Season 2, Episodes 1-7, 13-20 | 24 |
| 226. | The Pavilion, Episodes 3-5, 9-12 | 12 |
| 228. | Fourtry, Season 1 Episodes 1-6 | 14 |
| 230. | I CAN I BB, Season 7, Episode 15 | 22 |
| 218. | Wo Shi Chang Zuo Ren, Season 1, Episodes 6-12 | 12 |