**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-60844-CIV-DAMIAN**

**BEIJING IQIYI SCIENCE &**
**TECHNOLOGY CO., LTD.**, *et al.*,

Plaintiffs,

v.

**AIYIFAN TV,**

Defendant.

_________________________________/

**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

**THIS CAUSE** is before the Court on Plaintiffs Motion for Entry of Final Default Judgment ("Motion") [ECF No. 19], filed August 18, 2025, and upon Plaintiffs' Supplemental Brief for Entry of Final Default Judgment and Permanent Injunction ("Supplemental Brief") [ECF No. 25], filed on February 27, 2026.

For the reasons set forth in both this Court's Order Granting in Part and Denying In Part Plaintiffs' Motion for Final Default Judgment [ECF No. 22] and this Court's Order on Plaintiffs' Supplemental Brief [ECF No. 29], it is hereby

**ORDERED AND ADJUDGED** that Default Final Judgment is **ENTERED** in favor of Plaintiffs, Beijing iQIYI Science & Technology Co., Ltd., Beijing Qiyi Century Science & Technology Co., Ltd., Dongyang iQIYI Film and Television Culture Co., Ltd., and Nanjing iQIYI Film and Television Culture Co., Ltd.'s (collectively, "Plaintiffs"), and against Defendant Aiyifan TV (d/b/a/ M.YFSP.TV, YFSP.TV, YFSP.LV, IYF.TV, IYF.LV, AIYIFAN.TV, AYYSP.COM), an Individual, Partnership, or Unincorporated Association ("Defendant") as follows:

1. **Permanent Injunctive Relief:**

Pursuant to Federal Rule of Civil Procedure 65(d), 28 U.S.C. § 1651(a), and this Court's inherent equitable powers, Defendant and its officers, agents, servants, employees, and attorneys, and all persons in active concert and participation with it, are hereby ***permanently*** **RESTRAINED** and **ENJOINED** from:

a. Advertising, promoting, performing, publicly performing, copying, reproducing, uploading, downloading, streaming, hosting, transmitting, displaying, offering access to, broadcasting, and/or distributing any of Plaintiffs' content or copyrighted works, including, without limitation, the works identified in Schedule "B," Schedule "C," and Schedule "D" to the Complaint and Amended Schedule "B" to Plaintiffs' Motion, and the works identified in the Wan Declaration and Exhibits B–R (and any accompanying exhibits) submitted in support of Plaintiffs' Supplemental Brief (collectively, the "Copyrighted Works").

b. Advertising, promoting, offering, using, or causing to be advertised, promoted, or offered, any goods or services using Plaintiffs' registered or common law trademarks identified in Paragraphs 35–38 of the Complaint and in Exhibits 240–43 attached thereto (the "iQIYI Marks");

c. Using the iQIYI Marks in connection with any unauthorized services or performances of Plaintiffs' Copyrighted Works;

d. Using any logo, and/or layout which may be calculated to falsely advertise the services or content offered by Defendant for distribution or distributed via the Internet websites operating under the domain names identified on Schedule "A" hereto (the "Subject Domain Names") and/or any other website or business as

being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiffs;

e. Falsely representing itself or themselves as being connected with Plaintiffs, through sponsorship or association;

f. Engaging in any act which is likely to falsely cause members of the trade and/or of the public to believe any content or services of Defendant offered for distribution or distributed via the Subject Domain Names and/or any other website or business are in any way endorsed by, approved by, and/or associated with Plaintiffs;

g. Using any reproduction, counterfeit, copy, or colorable imitation of the iQIYI Marks in connection with the publicity, promotion, sale, or advertising of any services or content distributed by Defendant via the Subject Domain Names and/or any website or business;

h. Affixing, applying, annexing, or using in connection with the distribution of any content or services, a false description or representation, including words or other symbols tending to falsely describe or represent the content or services offered for distribution or distributed by Defendant via the Subject Domain Names and/or any other website or business as being those of Plaintiffs or in any way endorsed by Plaintiffs;

i. Using the iQIYI Marks, or any confusingly similar trademarks, within domain name extensions, subdomains, metatags, or other markers within website source code; using such terms on any webpage (including as the title of any web page); using such terms in any advertising links to other websites; causing such terms to appear in search engines' databases or cache memory; or otherwise using such terms

in any manner visible to a computer user or that serves to direct computer searches to websites or Internet-based businesses registered by, owned by, or operated by Defendant, including the Internet websites operating under all of the Subject Domain Names; and

j. Effecting assignments or transfers, re-registering domain names, using redirects, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

**2. Additional Equitable Relief:**

a. In order to give practical effect to the Permanent Injunction, any webpage featuring programs that infringe on either the Copyrighted Works or iQIYI Marks within the Subject Domain Names identified in Schedule "A," including any of their subdomains, associated DNS settings, and domain privacy or proxy services, that are hereby **ORDERED** to be immediately cancelled by the Registrar(s) of record for the Subject Domain Names.

b. Within five (5) days of receipt of this Judgment and a list of infringing webpages (*i.e.*, specific web pages within the Subject Domain Names that feature Plaintiffs' Copyrighted Works or the iQIYI Marks), the Registrar(s) of record for the Subject Domain Names shall take all steps necessary to facilitate cancellation of the infringing webpages/subdomains. If any current Registrar fails to do so, the applicable Registry for the top-level domain ("TLD"), including any backend registry operator or administrator, shall, within thirty (30) days of receipt of this Order, change the Registrar of Record to one designated by Plaintiffs so that the new Registrar of Record can comply.

3. Interest from the date of entry of this Judgment shall accrue at the legal rate pursuant to 28 U.S.C. § 1961.

4. Pursuant to 17 U.S.C. §§ 504(b) and 504(c), and 15 U.S.C. § 1117(c), Plaintiffs are awarded damages in the total amount of $1,962,000.00, comprised of:

a. $1,802,000.00 in statutory damages for 901 registered works at $2,000 per work; and

b. $160,000.00 in statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2); and

c. for which let execution issue.

5. This Court shall retain jurisdiction over the parties and the subject matter of this action for the purpose of interpretation, enforcement, or modification of this Final Default Judgment and Permanent Injunction. Pursuant to 17 U.S.C. § 505, Plaintiffs are entitled to seek an award of attorneys' fees and costs. This Court retains jurisdiction to determine the reasonable amount of such fees and costs upon motion filed by Plaintiffs.

6. Plaintiffs are ordered to serve a copy of this Order upon Defendant via e-mail to the e-mail addresses provided by Defendant as part of the data related to its domain names, including customer service e-mail addresses, private messaging applications and/or services, and onsite contact forms, or by its associated social media message accounts, or via the registrar of record for each of the domain names.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 7th day of October, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

## SCHEDULE A

## LIST OF SUBJECT DOMAIN NAMES

| Domain Name No. | Domain Name |
|---|---|
| 1 | m.yfsp.tv |
| 2 | www.yfsp.tv |
| 3 | www.yfsp.lv |
| 4 | www.iyf.tv |
| 5 | www.iyf.lv |
| 6 | www.aiyifan.tv |
| 7 | www.ayysp.com |